# SUPREME COURT.

BAIN & BRINCKERHOFF agt. THE GLOBE INSURANCE COMPANY.

An *agent* of an insurance company, properly appointed and qualified to procure and effect insurance for the company, residing at a different place from where the principal office of the company is located, is such a "managing agent" that legal service of a summons and complaint against the company may be made by serving on him.

*New-York Special Term, June,* 1854. Motion by defendants to set aside judgment and execution, on the ground that neither the summons nor complaint had been served upon them. It appears that the summons and complaint in this action were served on one George T. Bradley, of the city of New-York, an agent of the defendants: but whom the defendants asserted

Bain & Brinckerhoff agt. the Globe Insurance Company.

was not, and never had been the president, secretary, cashier, treasurer, or other head of the company, but was a subordinate agent or clerk of said company, and never had the management or control of its affairs, or any branch of its business. The plaintiffs showed that said Bradley had a written contract and power of attorney signed by the president and secretary of said company, who were located at Utica—by which he was appointed the agent of the company at the city of New-York, and fully authorized on their behalf to effect insurances for the company, &c.

CHARLES TRACY, *for motion, cited Code,* § 134; *5 Pr. Rep.* 183; 6 *id.* 308.

LUCIEN BIRDSEYE, *opposed.*

ROOSEVELT, Justice. The Code does not require that the service of a summons should be made exclusively " on the president or other *head* of a corporation." It allows (even where there is such a " head ") a delivery " to the secretary, cashier, or treasurer;" and the privilege has recently been extended to " a director or managing agent;" in other words, to any agent to whom the term " managing " can properly apply. Mr. Bradley, who in this case received the summons, it is conceded, was an agent of the company; and the only question is, was he a managing agent. His office was to procure business for the company in the city of New-York. He had full power to receive premiums and to issue policies binding on the company; and for that purpose was supplied, it appears, with an indefinite number of those instruments executed in blank. His functions were utterly unlike those of a mere clerk or porter, or baggage-master. Nor were they confined to a single insurance or any other single act. He had the entire management of the business of the company in the city of New-York, and could subject them to liabilities limited only by the extent of their capital. It seems to me quite clear, that, if such an officer be not a " managing " agent of the company, no other officer except the president can be, and that the term must be confined to a person occupying the position of " *head* of the

29

corporation." This palpably was not the intention of the law. The legislature, seeing that it was the practice of these corporations, while nominally located in one place, really, under the name of agency, to transact their chief business in another, (selecting particularly, for that purpose, the city of New-York,) very justly, as I conceive, treated the officers placed in charge of such agencies as occupying the position of quasi " heads," not merely to allure custom, but to " stand suit." If competent to the one office, they should be deemed equally competent to the other.

The summons in the present instance, it is admitted, came to the hands of the company; and as no defence on the merits is pretended, and as the service was legally regular, the motion to vacate the judgment for want of jurisdiction must be denied.