AARON BIRKENWALD, Respondent, *v.* MAY COMPANY, Appellant.

First Department, October 26, 1917.

**Process — service of summons upon foreign corporation — prerequisites to service upon managing agent — Code Civil Procedure, section 432, construed.**

Service of summons upon a foreign corporation can only be made upon a managing agent thereof within the State where service upon the officers of the corporation enumerated in subdivision 1 of section 432 of the Code of Civil Procedure cannot be made with due diligence.

Hence, service upon a person claimed to be a managing agent will be vacated where the affidavit of service fails to show an attempt to find an officer of the corporation within the State.

APPEAL by the defendant, May Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of September, 1917, denying its motion to vacate the service of the summons and complaint herein.

*George Trosk*, for the appellant.

*Herman C. Pollack*, for the respondent.

SMITH, J.:

In an action sought to be commenced against the defendant service was made upon one E. M. Sostman. From the proof of service it is apparent that the summons was served " by delivering to and leaving personally with Mr. Sostman, general representative and an officer of said corporation, a

true copy thereof. Deponent further says that he knew the person he served as aforesaid to be an officer in said defendant corporation." It now appears that Sostman was not an officer of said defendant corporation, but the service is sought to be sustained upon the ground that Sostman was the managing agent thereof, within the State. By section 432 of the Code, under subdivision 3, it is provided that service may be made upon the managing agent of a corporation within the State if an officer specified in subdivision 1 of the section cannot " be found with due diligence." There is no attempt at proof that any effort was made to find an officer of the corporation within the State, and if we assume for the argument that Sostman's position was that of a managing agent within the meaning of the statute, service upon him without proof of an attempt to serve upon one of the officers specified in subdivision 1 of section 432 would not give the court jurisdiction of the defendant.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to set aside the service of the summons and complaint granted, with ten dollars costs.

CLARKE, P. J., SCOTT, DOWLING and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.