JOHN TAPLINGER & Co., Respondent, *v.* MONTGOMERY WARD & Co., Appellant.

(Supreme Court, Appellate Term, First Department, December, 1920, Term — filed January, 1921.)

Corporations — service of process on foreign — General Corporation Law, § 16 — when affidavit of service of summons and complaint insufficient — vacating judgment taken by default on such an affidavit.

> The statute (General Corporation Law, § 16) requires a foreign corporation doing business in this state to make and file in the office of the secretary of state a designation of the person upon whom service of process against the corporation may be made in this state.
>
> Where with due diligence the plaintiff in an action against such a corporation, which has complied with section 16 of the General Corporation Law, could have ascertained the name of the person designated for the purpose required by the statute, and the affidavit upon which a default judgment was granted, states that service of the summons and complaint was made on the managing agent of the defendant within this state, an order denying a motion to vacate and set aside the judgment, on the ground that the papers were not properly served, will be reversed, with costs, and the motion granted, with costs.

APPEAL by the defendant from an order of the Municipal Court of the city of New York, borough of Manhattan, first district, denying a motion to vacate the service of the summons and the judgment entered by default on such service.

Arthur L. Fullman, for appellant.

Ludwig M. Wilson, for respondent.

LEHMAN, J. The plaintiff has obtained a judgment by default against the defendant. After the judgment

Appellate Term, First Department, January, 1921.  [Vol. 114.

was entered the defendant appeared specially and moved to vacate and set aside the judgment on the ground that the summons and complaint were never properly served upon the defendant. The original affidavit of service upon which the judgment was granted stated that service was made on the managing agent of the corporation within this state. Obviously this affidavit is insufficient, because service upon a foreign corporation can be made on its managing agent within this state only where no designation has been made, as provided in section 16 of the General Corporation Law, or if neither the person designated nor an officer specified in subdivision 1 of section 432 of the Code of Civil Procedure can be found with due diligence. After this motion was made the plaintiff filed an additional affidavit, but this affidavit, even if properly received after entry of judgment, is insufficient to cure the defect. It appears undisputed that a designation was made by the defendant, as provided in section 16 of the General Corporation Law, and the plaintiff, therefore, could not serve the summons and complaint upon the defendant's managing agent unless the person so designated could not with due diligence be found within this state. The plaintiff made no attempt to find out whether such designation had been filed, and did not know the name or address of the person designated, and of course made no effort to find this person. The process server merely took the summons and complaint to the defendant's office in this state, inquired there for the proper person upon whom to serve the papers in the action, and was informed by defendant's manager that he was the proper person. Neither the managing agent nor any other person in defendant's employ had any apparent authority to state that he was the person to accept service of processes, or to give any directions as to

the proper person upon whom process was to be served. The defendant was required under the law to file in the office of the secretary of state a designation of the person upon whom process could be served, and no other person could assume to act in place of the person so designated. With due diligence the plaintiff could have found out the name of that person, and there is not a scintilla of evidence to sustain a finding that the plaintiff could not have found him at his office in the defendant's place of business, or that he would have evaded service.

Order, therefore, reversed, with ten dollars costs, and motion to vacate the service of the summons and the judgment entered thereon is granted, with ten dollars costs.

GUY and WAGNER, JJ., concur.

Order reversed, with ten dollars costs, and motion granted, with ten dollars costs.