Jacob J. Seldin and Celia Seldin, Plaintiffs, *v.* Caledonian Insurance Company and Others, Defendants.

Jacob J. Seldin, Plaintiff, *v.* Globe and Rutgers Fire Insurance Company of the City of New York and Others, Defendants.

Supreme Court, Oneida County, February (Received September, 1923).

Practice — service of summons on foreign corporation — failure to show effort to effect service on officers — service on domestic corporation — when local agent of insurance company not " managing agent."

Where, upon a motion to set aside the service of the summons which was made upon the defendants, who are foreign corporations, under subdivision 3 of section 229 of the Civil Practice Act, the answering affidavits or the affidavits of service fail to show any act or effort on the part of the plaintiff to effect service under subdivisions 1 and 2 of said section, the service as made is void.

A local fire insurance agent of a domestic corporation is not a " managing agent " within the meaning of section 228 of the Civil Practice Act, and service upon him of the summons in an action against the corporation is not good, and the fact that it received from said agent information as to such service is immaterial.

Motions to set aside service of summons.

*Lee, Dowling & Brennan,* for plaintiffs.

*Gannon, Spencer & Michell,* for defendants, appearing specially.

Martin, Louis M., J. The proper service in the case of the foreign corporations herein would have been upon the superintendent of insurance of the state of New York, providing that there were no president, vice-president, treasurer, assistant treasurer, secretary, or any officer performing corresponding functions under a similar name available therefor. Civ. Prac. Act, § 229; Ins. Law, § 30.

The superintendent of insurance is a continuing officer of the state government, no matter who the individual may be who from

time to time occupies such position; and a company having once complied with said section 30, the designation is good until revoked.

The answering affidavits or affidavits of service fail to show any act or effort on the part of the plaintiff to effect such service in accordance with subdivisions 1 and 2 of said section of the Civil Practice Act; and this is necessary before service can be made under subdivision 3 of that section. *Birkenwald* v. *May Co.*, 179 App. Div. 658; *Taplinger & Co.* v. *Ward & Co.*, 114 Misc. Rep. 115.

It, therefore, is held that in the case of the defendants herein who are foreign corporations, the service in question is void.

Defendant Globe and Rutgers Fire Insurance Company of New York is a domestic corporation. The service upon it was made under section 228 of the Civil Practice Act and the position taken therein is that a " local fire insurance agent " is a " managing agent " under that section.

" A managing agent ' must be some person invested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent or attorney who acts in an inferior capacity and under the direction and control of superior authority, both in regard to the extent of his duty and the manner of executing it.' " *Loeb* v. *Star & Herald Co., Inc.*, 187 App. Div. 175, 179. And the fact that the corporation received information from the agent as to the service of the summons has no effect upon the validity thereof. *Beck* v. *North Packing & Provision Co.*, 159 App. Div. 418, 420.

Applying these principles to a local fire insurance agent, it will be readily seen that said agent does not come within their provisions at all. A local agent is practically only a solicitor of insurance; he does not fix the rates, adjust the losses or exercise but very limited judgment or discretion. Every risk that he writes must immediately be submitted by a daily report to the company; and the company passes thereupon and in very many instances rejects the line. And while he may bind the company for a limited time to the insured, no real insurance is effected until the risk is approved by the home office. He is ever under the supervision and control of the general agent of the company, who visits his office frequently, checks up his work, and cancels any risk of which he does not approve. He is simply a solicitor, signing his name to certain printed contracts furnished by the authority under which he acts. To hold otherwise would open the door to an indiscriminate service on these corporations and leave them subject to the careless acts of a local solicitor, who perhaps might have an interest adverse to the company itself.

I am, therefore, of the opinion that the motions in these two

actions should be granted; but inasmuch as plaintiff acted in entire good faith and must needs be at the expense of reservice therein, no costs should be allowed.

Motion granted, without costs.

Ordered accordingly.