CLIFT & GOODRICH, INC., Respondent, *v.* COLLIER MILLS, INC.,
Appellant.

First Department, March 2, 1923.

Corporations — foreign corporations — motion to set aside service of
  summons made on vice-president temporarily in this State — affidavits
  show that defendant was not doing business here — reference to deter-
  mine whether defendant was doing business here was unnecessary
  — service of summons should have been set aside.

On a motion to set aside the service of a summons in an action against a foreign
  corporation, a reference to determine whether said foreign corporation was
  doing business in this State at the time the summons was served on its vice-
  president, who was temporarily in this State, was wholly unnecessary, and the
  matter should have been disposed of on the papers and the service of summons
  should have been set aside, where it appeared that, while the plaintiff's affidavit
  showed that it was the selling agent of the defendant for about fifteen years
  and until three years before this action was commenced, and that as such
  selling agent it took and received orders for defendant's merchandise in this
  State, which were not subject to the approval of the home office, and, by
  affidavit on information and belief, that the defendant's manner of doing
  business at the time the action was commenced was the same, the affidavits
  in behalf of the defendant, made by persons handling its product in this State
  at the time the action was commenced were to the effect that said persons
  merely took orders for the goods, which orders were accepted at the home
  office; that the goods were shipped therefrom and collections therefor were
  made from the home office, and that said persons acted merely as brokers in
  receiving orders for defendant's merchandise.

APPEAL by the defendant, Collier Mills, Inc., from an order of
the Supreme Court, made at the New York Special Term and
entered in the office of the clerk of the county of New York on
the 15th day of January, 1923, appointing a referee to take evidence
upon the question whether the defendant was doing business in
this State at the time of the attempted service of the summons.
The order was made upon a motion by the defendant to set aside
the service of the summons.

*Henry W. Sykes,* for the appellant.

*Louis Werner* [*Arnold J. Brock* of counsel], for the respondent.

McAVOY, J.:

The order now reviewed directs the appointment of a referee
to determine whether the defendant was doing business within
this State at the time of the attempted service of the summons
herein. The defendant appeared specially for the purpose of
setting aside the service of the summons made in a public street,
on D. C. Collier, vice-president of the defendant, while temporarily

First Department, March, 1923. [Vol. 204

here, on the ground that the defendant is a foreign corporation and was not doing business within the State of New York. The court, hearing the motion, stated that he would dispose of the motion upon the papers submitted, unless a stipulation to pay a referee's charges were made by plaintiff, and thereafter did order a reference to determine the facts litigated on the motion. We think a reference was wholly unnecessary, and that the matter should have been disposed of on the papers.

The proof of plaintiff shows that it was the selling agent of the defendant for about fifteen years prior to the time of the motion, and that up to three years ago it had acted as the selling agent for the defendant; that orders for defendant's merchandise were taken by plaintiff in the city of New York and there accepted; that such orders were not subject to the approval of the home office, but were on regular printed blanks in which defendant's name was recited as seller and the customer's name as buyer. The terms of purchase were fixed in New York city by plaintiff. The orders were transmitted to defendant's mill, and the merchandise was manufactured and shipped accordingly. The proof that such method of doing business by defendant still obtains in this State in a manner precisely similar is on information and belief of one Thomas McKenzie, who was once secretary of the plaintiff; and he avers that the defendant now does business through two concerns named, Napier & Herrick, and Fitzpatrick, Gross & May, and that contracts are made through them in the same manner as heretofore through the plaintiff.

The affidavits of Napier & Herrick show that they acted as brokers only; that all orders are transmitted to the defendant at Barnesville, Ga., and the goods are manufactured at that place and the deponent's firm is paid a commission for the sale of the goods, if paid for; that his firm does not pass on credits or make collections, or attend to shipments; that orders taken by them distinctly state that they are subject to approval and acceptance at the mill; that defendant's vice-president visits New York about two or three times a year and consults the deponents about the line of goods to be manufactured; that the business transacted between his firm and defendant is not as described in the affidavit of McKenzie; that when plaintiff had its dealings with the defendant, plaintiff sold its goods in its own name and attended to the delivery thereof and collected the purchase price of the goods; whereas deponent's firm merely sends orders to Barnesville, Ga. Kirkpatrick of the other firm, referred to in the affidavit of McKenzie, denies that the business transacted by his (deponent's) firm is conducted as described in McKenzie's affidavit, and states

similarly that after they receive orders for merchandise manufactured by defendant, the orders are transmitted to defendant; and if orders are accepted there, the goods are shipped from that place. Payment is received there. The deponent denies that McKenzie ever interviewed this deponent, or requested him to make any affidavit as McKenzie states he did. On these affidavits I think the motion should have been granted as there then remained no proof of the defendant's carrying on business here at the time of the service.

The order should be reversed, with ten dollars costs and disbursements, and the motion to vacate service of summons granted, with ten dollars costs.

Clarke, P. J., Dowling, Smith and Finch, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion to vacate service of summons granted, with ten dollars costs.