Henry E. Wagner, Appellant, v. Great American Insurance Company of New York, Respondent, Impleaded with Isaac S. Signor, as Committee, etc., of Sarah Frederica Porter Burrall, Defendant.

Fourth Department, June 28, 1927.

Insurance — fire insurance — action by insured — policy contained provision that if any material part of building should fall, except by fire, all insurance would cease immediately — material part fell — local agent notified plaintiff that policy would continue in force five days only after receipt of notice — fire occurred within five days — local agent's action did not prevent immediate termination of policy — plaintiff cannot recover.

The plaintiff seeks to recover on a fire insurance policy the amount of loss caused by a fire. It appears that the policy contained a provision that if the building or any material part thereof should fall, except as the result of fire, all insurance on the building and its contents should immediately cease. A part of the building became weakened by excavations and collapsed. The action of the defendant's local representative in notifying the plaintiff that the policy was canceled but would continue in force for five days, during which period the fire occurred, is not binding on the defendant, and the plaintiff cannot recover for the loss. The policy, notwithstanding the action of the local agent, terminated immediately a material part of the building collapsed and the policy was not reinstated by act of the local agent.

APPEAL by the plaintiff, Henry E. Wagner, from a judgment of the Supreme Court in favor of the respondent, entered in the office of the clerk of the county of Niagara on the 21st day of June,

1924, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying plaintiff's motion for a new trial made upon the minutes.

This action was upon a fire insurance policy to recover the proportionate share of damage caused by fire to plaintiff's building.

*Leggett & Thibaudeau* [*Augustus Thibaudeau* of counsel], for the appellant.

*Shire & Jellinek* [*James M. H. Wallace* of counsel], for the respondent insurance company.

PER CURIAM. Plaintiff was the owner of a business building in the city of Niagara Falls which was insured by defendant against loss by fire, the policy containing, among other provisions, one that " If a building or any material part thereof fall, except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease."

In April, 1921, the foundation of the building became weakened by excavations on the adjoining lot with the result that the front part of the building, extending back for about thirty feet, ultimately collapsed. The building was about seventy-five feet long by twenty-five feet wide and the jury has found that the portion which fell was a material part thereof.

Defendant's local representative at Niagara Falls, learning of the fall of the building, wrote plaintiff that, pursuant to its provisions, the policy was canceled and under its terms would continue in force for five days only, after receipt by plaintiff of the notice. Plaintiff thereupon insured what remained of the building elsewhere, the insurance to take effect at the expiration of such five days. Shortly afterwards, and before the new insurance became effective, the remainder of the building was practically destroyed by fire. No serious question is raised but that by its terms the policy and all insurance thereunder normally became ineffective with the fall of the building.

Plaintiff bases his action upon the theory that the notice to him from defendant's local agent was a waiver and operated as an estoppel against defendants claiming the benefit of that clause of the policy.

It is not necessary to decide whether defendant through an officer or agent having general authority could, in that manner, revive an extinguished policy obligation or be estopped from defending a claim on the ground that the insurance had ceased and determined. We need go no further than to hold that such authority is not vested in a local insurance agent. (*Seldin* v.

*Caledonian Ins. Co.*, 121 Misc. 444.)   The case contains conclusive evidence that defendant's Niagara Falls representative was an agent of purely local and limited authority; that he had no power to waive any provision or condition of the policy plaintiff knew or should have known, for the contract contained the express provision that " No one shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement added hereto, nor shall any such condition or provision be held to be waived unless such waiver shall be in writing added hereto."   Much less was he empowered to bind defendant by an estoppel.   The word as used in this action is really a misnomer.   Plaintiff under that term attempts to create a new contract of insurance after a previous contract by its terms had expired.   It is not a situation where the insurance company can be held to have waived a right or advantage under an existing policy or by its conduct estopped itself from asserting such a right.   (*Draper* v. *Oswego County Fire Relief Assn.*, 190 N. Y. 12.)

Other questions have been argued but in view of our determination that defendant has not waived its rights under the lapsed policy nor estopped itself from asserting them, they need not be here considered.

The judgment and order should be affirmed, with costs.

All concur.   Present — HUBBS, P, J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Judgment and order affirmed, with costs.