ANNIE McKEON, Respondent, v. P. J. McGOWAN & SONS, Appellant.

Second Department, June 9, 1930.

Hugh S. Williamson [William L. Hanaway with him on the brief], for the appellant.

Joseph F. Hanley, for the respondent.

Per Curiam. Service of a summons upon a foreign corporation must be made by delivering a copy thereof within the State, as provided by one of the three subdivisions of section 229 of the Civil Practice Act. Subdivision 3 provides for such service upon the cashier, a director or a managing agent of the corporation, within the State, only " if service cannot be effected under subdivision two of this section, or an officer of the corporation specified in subdivision one of this section, with due diligence, cannot be found within the State." This method is exclusive. Plaintiff failed to prove that she made any effort to comply with subdivisions 1 or 2 of section 229. Further, there is no proof that the person served was a managing agent of the defendant corporation. The only proof is that he was a member of a firm of copartners which handled the defendant's goods, not as a managing agent or even as an agent, but as a broker. Jurisdiction of a defendant may not be obtained by the New York courts unless the corporation sought to be held was actually here doing business. The foreign corporation " must have so acted as to have subjected itself to the jurisdiction of the State." (Gaboury v. Central Vermont R. Co., 250 N. Y. 233.) The mere soliciting of orders by an independent broker does not constitute doing business in this State. (Clift & Goodrich, Inc., v. Collier Mills, Inc., 204 App. Div. 539.) (See, also, Hamlin v. Barrett & Co., Inc., 246 N. Y. 554; Lillibridge, Inc., v. Johnson Bronze Co., 247 id. 548; Tauza v. Susquehanna Coal Co., 220 id. 259.)

The order should be reversed upon the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ., concur.

Order denying defendant's motion to vacate and set aside service of summons and complaint reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.