## Second Department, February, 1934.

In the Matter of Benjamin M. Freeman, an Attorney.— Matter referred to Hon. Joseph Morschauser, official referee, to hear and to report with his opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

Anthony Sczezezma, as Administrator, etc., of John Maskewich, Deceased, Respondent, v. Metropolitan Life Insurance Company, Appellant.— The respondent having failed to file a brief within the required time, the motion for reargument is denied. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

Margaret Adams, Respondent, v. Loft, Incorporated, Appellant.— Resettled order of the City Court of Mount Vernon denying defendant's motion to set aside service of the summons and complaint reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. (McKeon v. McGowan & Sons, 229 App. Div. 568.) Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.

Louise Anson, as Administratrix of the Estate of Sherman Anson, Respondent, v. Third Avenue Railways Company and Belt Line Railways Corporation, Appellants.— Judgment unanimously affirmed, with costs, as to the defendant Belt Line Railways Corporation. No opinion. Judgment against the Third Avenue Railways Company reversed on the law, with costs, and the complaint dismissed, without costs. (Berkey v. Third Avenue Railway Co., 244 N. Y. 84; Doran v. N. Y. City Interborough Ry. Co., 239 id. 448.) Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

Ralph W. Brown, as Executor, etc., of Caroline E. Brown, Deceased, Substituted in Place of Caroline E. Brown, and Ralph W. Brown, Respondents, v. Paul Martin, Appellant. (Action No. 1.) — Judgment unanimously affirmed, with costs. The verdict was not inconsistent. It was intended either to combine damages for husband and wife, or to award damages to the wife alone, without any determination in respect of the husband's cause of action. This court interprets the verdict to be the former, as the jury could not have meant to find the husband guilty of contributory negligence and defendant free from negligence in the loss of services action, in view of the fact that in his actions for property damages and personal injuries the verdicts of the jury were in his favor. No motion was made by either party to disturb the verdict on the ground it was a combined verdict. The trial court's direction that judgment be entered in favor of defendant against the husband can have no effect upon this appeal from the judgment which was entered in favor of the wife alone upon the verdict as rendered. The only one who would have the right to complain about it is the husband. The award of $10,000, even if reckoned solely on the basis of the wife's injuries, was not excessive. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

Ralph W. Brown, Respondent, v. Paul Martin, Appellant. (Action No. 2.) — Judgment affirmed, with costs. No opinion. Kapper, Carswell and Davis, JJ., concur; Lazansky, P. J., and Young, J., dissent on the ground plaintiff was guilty of contributory negligence as a matter of law.