J. Frederick Grace, Plaintiff, *v.* Agricultural Insurance Company, Defendant.

J. Frederick Grace, Plaintiff, *v.* Continental Insurance Company, Defendant.

J. Frederick Grace, Plaintiff, *v.* Home Insurance Company, Defendant.

Supreme Court, Special Term, Broome County, April 8, 1937.

*Hinman, Howard & Kattell* [*Prescott D. Perkins* of counsel], appearing specially for the defendants, for motion.

*Harry T. Dolan,* for the plaintiff, opposed.

Personius, J. The summons in each of the above-entitled actions was served upon Kenneth C. Estabrook of Binghamton, a local agent for each of the defendants. As such he has the general power to solicit fire insurance, countersign, issue and deliver policies and collect premiums in accordance with the rules and regulations of the respective companies and such instructions as may be given him by their respective officers and general or special agents. The policy is binding when issued but he makes daily reports to the company which may accept or cancel it. The company is bound by his acts unless and until it cancels the policy. Each of the defendants has other local agents in Mr. Estabrook's territory. Each such agent is under the supervision of a special agent who has authority over a larger territory. Mr. Estabrook has no sub-agents or assistants other than a stenographer. He has authority only in connection with business written by himself. In brief, Mr. Estabrook is what is commonly termed a local agent. Each company has many such.

Plaintiff contends that Mr. Estabrook is a "managing agent" within the meaning of subdivision 8 of section 228 of the Civil Practice Act. Authority is to the contrary. (*Seldin* v. *Caledonian Ins. Co.*, 121 Misc. 444.)

Plaintiff quotes 2 Carmody's New York Practice, section 641, page 1135, to the effect that an agent of an insurance company, authorized to effect insurance, etc., is a managing agent. Such is the headnote in *Bain* v. *Globe Ins. Co.* (9 How. Pr. 448), but there the agent was more than a local agent. He had entire charge of the defendant's business in the city of New York and could subject the company to liabilities limited only by the extent of its capital. As to the other cases cited in Carmody, in *Ives* v. *Metropolitan Life Ins. Co.* (78 Hun, 32) the agent had entire charge of the defendant's business in a large territory, had under him nine assistant superintendents and sixty-two sub-agents, and in *Mullins* v. *Metropolitan Life Ins. Co.* (78 Hun, 297) the agent as superintendent had "general supervision over the business of" his district.

The defendants here were domestic corporations on whom unquestioned service could be made in the State. If they were foreign corporations, such service could be made on the Superintendent of Insurance. (Insurance Law, § 30.) Service on Mr. Estabrook, the local agent, was not in accord with the usual practice. True, he could issue a policy and temporarily, at least, bind his principal. An ordinary salesman in a corporate store may sell and deliver goods and collect the price, yet it will hardly be argued that he is a managing agent. He may have authority to bind his employer in connection with his particular sales, even as a local fire insurance agent can bind his employer as to the policies he issues, but neither is a managing agent.

Motion granted, without costs.