## DE SANTA v. NEHI CORPORATION.

United States District Court
N. D. New York.

May 28, 1948.

Bliss & Bouck, of Albany, N. Y., for plaintiff.

Whalen, McNamee, Creble & Nichols, of Albany, N.Y., for defendant, appearing specially.

BRENNAN, Chief Judge.

This is an action of law in which the plaintiff seeks a judgment for $250,000, based upon four alternate causes of action which relate to the allegedly unauthorized use by the defendant of plaintiff's advertising ideas.

The plaintiff is a resident of Albany, New York. The defendant was incorporated under the laws of the State of Delaware, and has its principal place for the transaction of business at Columbus, Georgia. The action was commenced in the Supreme Court of the State of New York by the service of the summons and complaint upon W. C. Hughes, who is termed by the plaintiff, " * * * the district representative and managing agent of the defendant". The action was subsequently removed to this Court in accordance with the provisions of Title 28 U.S.C.A. §§ 71–82 [now § 1441 et seq.] In all proceedings to date defendant has appeared specially, has not filed its answer, and now moves for the dismissal of the complaint upon the ground that (a), the defendant is a foreign corporation, not transacting business within the state, and (b), the person upon whom service was made was not the managing agent of the defendant-corporation.

■ The issues raised require the determination of the validity of the service of process in this case, as prescribed in Section 229, subdivision 3 of the Civil Practice Act of the State of New York. Such issues survive the removal of the action into this Court. United States Merchants' & Shippers' Insurance Co. v. Elder Dempster & Co., 2 Cir., 62 F.2d 59. None of the officers or directors of the defendant-corporation reside in or have offices within the State of New York. It has designated no agent to receive service within the state. No certificate of doing business within the state has been filed by the defendant.

No question is raised on this motion as to the sufficiency of the affidavit of service which fails to show any effort on the part of the plaintiff to affect service of process, as provided in Section 229, subdivisions 1 and 2, New York Civil Practice Act. Section 229, subdivision 3. There are some New York State cases which indicate that in the absence of such showing service is void. Seldin v. Caledonian Ins. Co., 121 Misc. 444, 201 N.Y.S. 213; Fisher v. Canadian Pac. Ry. Co., D.C., 1 F.Supp. 235; Appelbaum v. Camden Fire Ins. Assoc., 155 Misc. 514, 278 N.Y.S. 618; Birkenwald v. May Co., 179 App.Div. 658, 166 N.Y.S. 1073; Pohlers v. Exeter Mfg. Co., 180 Misc. 273, 41 N.Y.S.2d 577; McKeon v. P. J. McGowan & Sons, 229 App.Div. 568, 242 N.Y.S. 700.

It is, however, apparent from the affidavits before the Court on this motion that service in accordance with Section 229, subdivisions 1 and 2, could not as a fact have been made, and such showing would seem to be sufficient to avoid the dismissal of the complaint, since the section under discussion does not provide by its terms just at what point "due diligence" in an attempt to locate an officer, or to serve a designated agent, must be shown. In any event, the point is not raised by the parties, and the decision should rest upon more substantial grounds.

The motion herein was seriously argued; extensive briefs have been filed; that matter at issue is of importance; all of which prompts the Court to discuss the matter in some detail, although it is mindful that the principles involved have been discussed in the decisions of many courts, not always resulting in the clarification of the rules to be followed. The sum total of the precedents which must guide the Court is that what constitutes the transaction of business and who may be termed a managing agent is ultimately a question of fact in each case. Findings of fact should, therefore, logically precede the application of the law.

The following additional facts may be deemed to be conceded. The Nehi Corporation is a manufacturer whose principal business is the manufacture of concentrates used as the bases for soft drinks. The concentrates so manufactured are sold to independent bottling plants in the various states, which, by the use of a formula furnished by the Nehi Corporation, manufacture, bottle, and sell the drink above referred to through retail stores to the consuming public. It does business in the State of New York through such plants or outlets in the cities of Albany, Poughkeepsie, Syracuse, Rochester, Buffalo and Binghamton. It owns no stock and has no financial interest in any such outlets. It has no representation upon their boards of directors or among the officers of such plants. All are independently owned. It sells its products to such outlets through a franchise or contract agreement. The exact terms of such agreement are not before the Court, but it is evident that like similar agreements made by large manufacturers it imposes certain requirements upon the franchise holder, which are designed to insure the quality of the product which is ultimately offered for consumption. It prescribes the type of bottles used by the outlet plants and protects its trademark by restrictions as to the form of labels used. Its stock is listed upon the New York and Boston stock exchanges, and a transfer agent is located in each of said cities. It maintains bank accounts at New York City; the number, size and purpose for which they are used does not appear. It has a representative whose territory embraces the states of Maine, New Hampshire, Vermont, Massachusetts, Rhode Island, Connecticut and New York. We are here concerned with the activities of the representative covering the above territory, and he is the Mr. Hughes upon whom copy

of summons and complaint was served. He is neither an officer, director nor stockholder of the defendant. Neither he nor the defendant itself has an office within the State of New York, nor a mailing address therein. Neither are they listed in any New York State telephone directory · or in any office building in the state. Hughes does not sell the defendant's product; neither does he receive payment for any such product. He visits the outlet plants at sporadic intervals. He inspects such plants from the standpoint of sanitation, obtains samples of their product and transmits same to the defendant at Columbus, Georgia, for analysis. He advises the owners or managers of said plants as to advertising matter, and makes suggestions as to business problems arising therein. He has no employees of the defendant under his supervision.

The defendant has no sales agents within the state. It pays no state nor local taxes. It neither owns nor leases real property; neither does it maintain a stock of goods within the state. Orders for its merchandise are received and accepted at Columbus, Georgia; shipment is made and the merchandise is billed therefrom. Payment is also received at that city.

The plaintiff urges that certain conclusions are justified from the facts which may be termed as disputed. The affidavits submitted by the plaintiff are related to transactions occurring at the outlet plant of the defendant at Albany, New York, which is known as Nehi Beverages, Inc., and which is hereinafter referred to as "Beverages". It appears that Hughes, the representative above referred to, has been acting as a representative covering the New York territory only since September, 1947; he having succeeded one Calhoun who had become incapacitated. The affidavits submitted do not purport to cover the activities of Hughes to any great extent, but relate for the most part to acts of his predecessors in the position which he now occupies. The facts shown therein are competent in the determination of the question of the transaction of business within the State of New York.

It appears that beginning in 1938 and continuing at infrequent intervals unnamed representatives of the defendant accompanied route salesmen of Beverages, Inc. in their routine route duties. It is evident that such actions were in the nature of instructions to the route salesmen in the sale and advertising of the Beverage product. It also appears that advertising material is furnished by the defendant to Beverages, Inc. There is no question but that such advertising material is prepared by the defendant and made available to outlet plants. The system used is not clear, but it is evident that an arrangement exists whereby such advertising material is made available in some instances without cost to Beverages, and in some instances at least a part of the cost is borne by the outlet plant. The expense of radio advertising is borne in part by the defendant, after arrangements therefor are made by the defendant's Georgia office. Such advertising is contracted for in the first instance by the outlet plant, and reimbursement is made in part by the defendant, or credit is allowed such plant.

While the plaintiff urges that the defendant is the owner of the advertising material distributed throughout the outlet plants, some of which was placed as directed by the defendant's representative, the ownership of such material is flatly contradicted in the affidavit of defendant, and the evidence is insufficient to establish such ownership as a fact.

The Court has considered the affidavits as to the control and direction of the outlet plants, and their employees, by the defendant through its representative. There is no doubt but that suggestions are made by the defendant's representative, which are designed to increase the sale of Beverages, Inc. products, to the ultimate benefit of the defendant, and it is readily inferred that Beverages, Inc. is urged to adopt business practices which tend to the same result, but nowhere in the moving papers is there evidence which would justify a finding that the suggestions made carry the preemptory mandate of the defendant itself. Suggestions made by the grantor of a franchise to the holder thereof may be more persuasive than the suggestion of a business advisor, but no precedent is cited which goes so far as to hold that a manu-

facturer may not impose conditions upon the independent distributor of his product without the legal finding that the manufacturer transacts business in every jurisdiction where the distributor is found.

From the disputed evidence it may be concluded that the defendant receives the indirect benefit of extensive advertising within the state; that it occasionally demonstrates the methods it recommends for the increase of the sales of its outlet plants; that it seeks to obtain the use of uniform methods, equipment and advertising by each of said outlets, and that the shipments of merchandise from Georgia to the State of New York, and the remittances of payment therefor, are frequent in time and large in amount.

■ No useful purpose is served in discussing the cases cited in the opposing briefs. Opinions of both federal and state courts which apply the legal principles involved are numerous. They recognize that the issues on this motion are essentially questions of fact, and are to be applied in the light of particular circumstances existing in each particular case. The following quotation taken from the concurring opinion in the recent case of the United States of America v. Scophony Corporation of America et al. 333 U.S. 795, 68 S.Ct. 855, 867, presents concisely the rule of law which is applicable here.

"Where a corporation 'transacts business' in a particular district is a question of fact in its ordinary untechnical meaning. The answer turns on an appraisal of the unique circumstances of a particular situation. And a corporation can be 'found' anywhere, whenever the needs of law make it appropriate to attribute location to a corporation, only if activities on its behalf that are more than episodic are carried on by its agents in a particular place. This again presents a question of fact turning on the unique circumstances of a particular situation, to be ascertained as such questions of fact are every day decided by judges."

See also International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057; Chaplin v. Selznick, 293 N.Y. 529, 58 N.E.2d 719, and cases cited.

■ Many precedents, of course, can be found which deal with particular actions under particular circumstances, such as in the case of manufacturing and selling companies and automobile manufacturers, whose products are distributed through independent dealers. It may be considered that to constitute transacting business within a state there must be regular, as distinguished from sporadic, activities which constitute a substantial part of the main business of such foreign corporation.

That there is a tendency to relax the requirements is recognized. Frene et al. v. Louisville Cement Co., 77 U.S.App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926. No precedent is cited, however, which holds that jurisdiction is obtained under circumstances existing here. The Court is unwilling to make here such a precedent, which in effect would make all manufacturers amenable to the courts of a foreign state where they advertise their product, and impose upon the distributor requirements as to the making, servicing, and distribution of the product.

There is no showing that the cause of action here arose in the State of New York, which circumstance is frequently taken into account in the determination of the question involved.

■ The conclusion is reached that the defendant does not transact business within the State of New York in such a manner as to subject it to the jurisdiction of this Court.

■ Neither do the facts warrant the conclusions that Hughes was the managing agent of the defendant. Holzer v. Dodge Bros., 233 N.Y. 216, 135 N.E. 268; Loeb v. Star & Herald Co., Inc., 187 App. Div. 175, 175 N.Y.S. 412.

The motion of the defendant is granted. Order may be submitted accordingly.