HOTEL GLENMORE, INC., Respondent, *v.* AMERICAN EAGLE FIRE
INSURANCE COMPANY et al., Appellants.

Fourth Department, July 9, 1952.

*Charles B. Sullivan* and *Nelson R. Pirnie* for appellants.

*William J. Foley* and *Paul Scalzo* for respondent.

VAUGHAN, J. The question posed for determination upon this appeal relates to the validity of service of process upon four domestic fire insurance companies which issued policies of insurance indemnifying plaintiff against loss by fire. The plaintiff not having availed itself of the opportunity of making service of the summons upon the Superintendent of Insurance as provided by section 59 of the Insurance Law, attempted service of process in accordance with the provisions of subdivision 8 of section 228 of the Civil Practice Act. Subdivision 8 of that section provides that service of a summons, except in those instances provided in subdivisions 1 through 7 of said section relating to service upon municipal corporations, must be made by delivering a copy thereof within the State to one of the

specified officers of the corporation or to " a director or managing agent." Anything short of the method therein prescribed is insufficient.

Commencement of the action on the respective policies issued by the American Eagle Fire Insurance Company, the Home Insurance Company and the Fidelity-Phenix Fire Insurance Company, was attempted by leaving copies of the summons with one William Wark, a duly licensed insurance agent connected with the Carl O. Pfaff Agency located at Old Forge, New York. This agency is a local or soliciting agency for said defendants, being operated by Carl O. Pfaff who is licensed by said defendants as a local or soliciting agent with powers restricted by license and contract to the usual duties of such local agent, that is, to solicit, write and countersign policies, and without any power of management or managing agent in any manner whatsoever, and with no general authority of any kind to act for said insurance companies.

Commencement of the action against the Continental Insurance Company was attempted by leaving the summons with Herman J. Williston, a survey agent for said defendant, at Inlet, New York. The defendants moved in each instance to vacate the service of said summons upon the ground that the persons so served were " not qualified to receive such service within the meaning of Section 228 of the Civil Practice Act ". The Special Term denied the motion upon the ground that the defendants failed to establish that the persons served did not have or exercise authority of managing agents. From the order entered upon the denial of the motion, defendants appeal. The Special Term in its decision stated the question presented by the motion and now before us for determination in this language: " The issue posed as between the parties is whether these two agents are managing agents within the meaning of the statute."

The affidavits submitted in opposition to the motion to dismiss fall far short of establishing that the persons served were managing agents. On the contrary, the moving and supplemental affidavits definitely establish that the two persons served were merely local agents for the defendants insurance companies, vested with the authority to solicit, countersign and deliver policies (and in the case of Wark to write such policies), but without general powers of management or managing agent in any manner and without general authority of any kind to act for the companies. " The term insurance agent * * * means any authorized or acknowledged agent of an insurer or fraternal benefit society, and any sub-agent or other repre-

sentative of such an agent, who acts as such in the solicitation of, negotiation for, or procurement or making, of an insurance or annuity contract, other than as a licensed insurance broker * * * '' (Insurance Law, § 110, subd. 3).

The only affidavits submitted in opposition to the motion have no evidentiary value (*Loeb* v. *Star & Herald Co.*, 187 App. Div. 175; *Vitolo* v. *Bee Publishing Co.*, 66 App. Div. 582; *Coler* v. *Pittsburgh Bridge Co.*, 146 N. Y. 281) and are specifically and unequivocally denied by Wark.

The cases having to do with the question whether or not a local soliciting and underwriting agent is to be considered a managing agent, within the meaning of subdivision 8 of section 228 of the Civil Practice Act, while few in number, are opposed to respondent's claim. In *Seldin* v. *Caledonian Ins. Co.* (121 Misc. 444) it was held that a local fire insurance agent is not a managing agent within the meaning of section 228 of the Civil Practice Act. In *Taylor* v. *Granite State Provident Assn.*, (136 N. Y. 343, 346) a managing agent is defined as '' some person invested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent or attorney, who acts in an inferior capacity and under the direction and control of a superior authority, both in regard to the extent of his duty and the manner of executing it.'' (See, also, *Loeb* v. *Star & Herald Co., supra.*)

In *Grace* v. *Agricultural Ins. Co.* (162 Misc. 529) the summons was served upon the local agent of three domestic insurance companies. The court held that such a person was not a managing agent.

The fact that the defendants received information relative to the attempted service of process or even of the summons has no effect upon the validity thereof (*Baker* v. *New York Central R. R. Co.*, 258 App. Div. 854; *Vlasak* v. *Delaware, L. & W. R. Co.*, 47 N. Y. S. 2d 13; *Beck* v. *North Packing & Provision Co.*, 159 App. Div. 418; *Loeb* v. *Star & Herald Co., supra*).

The persons upon whom service of the summons was made were none of the persons mentioned in section 228 of the Civil Practice Act upon whom service on a corporation may be made.

We reach the conclusion that the attempted service was ineffectual for any purpose. The fact that the statute has run against bringing a new action upon the policies, while regrettable, does not justify upholding the attempted service. It follows that the service of the summons should be vacated and the motion to dismiss granted.

All concur, except McCurn, J., who dissents and votes for affirmance in the following memorandum: The affidavits presented on the motion failed to establish that the persons served did not occupy any of the corporate offices enumerated in subdivision 8 of section 228 of the Civil Practice Act. The reply affidavits filed after the argument were received as set forth in the recitals in the order appealed from solely upon the question of whether the persons served were managing agents. (See *Silver* v. *Western Assur. Co.*, 3 App. Div. 572; *Donadi* v. *New York State Mut. Ins. Co.*, 2 E. D. Smith 519, and *Scherer* v. *Ground Hog Mining & Milling Co.*, 28 N. Y. Civ. Pro. Rep. 231, affd. 36 App. Div. 633.) Present—Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.

Order reversed on the law and facts, with $10 costs and disbursements and motion granted, with $10 costs.