**(March 17, 1953.)**

■

COMMISSIONERS OF THE STATE INSURANCE FUND, Respondent, *v.* SINGER SEWING MACHINE COMPANY, Appellant, et al., Defendants.

*Per Curiam.* The service of process in this case was allegedly effected when an attorney employed by plaintiff left the summons with a receptionist at appellant's offices.

Defendant-appellant, a foreign corporation authorized to do business in this State, maintains a place of business in the borough of Manhattan, city of New York, and has duly designated the Secretary of State as agent for receipt of service of process.

Personal service of a summons upon a foreign corporation is governed by section 229 of the Civil Practice Act. In subdivision 1 of that statute it is stated that the summons must be delivered to one of certain specified officers of the corporation, or, as provided in subdivision 2 thereof, the summons must be delivered to the Secretary of State or some other person designated for the receipt of process. Finally subdivision 3 sets forth that the summons must be delivered: " To the cashier, assistant cashier, a director or a managing

agent of the corporation, within the state, if service cannot be effected under subdivision two of this section, or an officer of the corporation specified in subdivision one of this section, with due diligence, cannot be found within the state."

Not one of the requirements in the section partially quoted has been met by plaintiff. It did not serve an officer as provided in subdivision 1 though the evidence shows that with the exercise of due diligence some one of the thirteen officers of defendant, all of whom maintain quarters in the executive offices of the corporation in New York City, might have been found within the State. No effort was made to serve the Secretary of State pursuant to subdivision 2 of the act although such service would have been an easy matter.

Efforts to comply with subdivisions 1 and 2 of section 229 must be shown before service may be made upon a managing agent of the corporation as set forth in subdivision 3. (*Gursky* v. *Blair*, 218 N. Y. 41, 46; *McKeon* v. *McGowan & Sons*, 229 App. Div. 568; *Birkenwald* v. *May Co.*, 179 App. Div. 658.) Attempted service under subdivision 3 was inadequate here for the further reason that the receptionist with whom the summons was left possessed no authority from defendant to act for it in any capacity. His duties and responsibilities were strictly limited. His position was purely clerical. It involved neither judgment nor discretion. He was obviously not a "managing agent" or anything remotely comparable thereto. (*Taylor* v. *Granite State Provident Assn.*, 136 N. Y. 343.)

The fact that the corporation ultimately received the summons did not, as the Special Term held, validate the service thereof. (*Josephy* v. *Kansas City, M. & O. Ry.*, 180 App. Div. 313, 315; *Beck* v. *North Packing & Provision Co.*, 159 App. Div. 418, 420.) It is equally well settled that the validity of service by plaintiff cannot be made to turn upon any statement made by the person who actually received the summons, at the time he was served. (*Coler* v. *Pittsburgh Bridge Co.*, 146 N. Y. 281, 283; *Loeb* v. *Star & Herald Co.*, 187 App. Div. 175, 178.)

As the attempted service upon defendant was not made in compliance with the method prescribed by statute, the court acquired no jurisdiction over defendant corporation.

The order should be reversed and the motion to set aside the service of the summons upon appellant should be granted.

Dore, J. P., Cohn, Breitel and Bergan, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted.