Lawrence J. Peltin, J.
Defendant, Pennsylvania Railroad Company, moves pursuant to rule 107 of the Rules of Civil Practice for an order dismissing the complaint on the ground that the cause of action stated therein did not accrue within the time limited by law for its commencement,
. The accident, subject of this action, occurred on November 6, 1955. The summons, commencing this action was “ served ” on November 6, 1958. Section 491 of the Civil Practice Act bars an action for personal injuries not commenced within three years after the cause of action accrues. The defendant herein denies proper service of the summons upon it as required by section 229 of the Civil Practice Act. Subsequently, however, the ■defendant interposed a general appearance.
Plaintiff contends that in serving a notice of general appearance, the defendant waived any and all objections to service of the- summons and jurisdiction of the court.
*45 It has been previously held that where the service of the summons was initially invalid, a subsequent general appearance did not validate such service, but did have the effect of constituting personal service of the summons as of the date upon which the notice of appearance was served. (Guilford v. Brody, 237 App. Div. 726.) Thus for the purpose of the Statute of Limitations the service oE a notice of general appearance did not relate back in point of time to the date of the improper service. Nor does section 237-a of the Civil Practice Act, which prescribes the statutory procedure for raising jurisdictional objections affect the rule. Section 237-a merely states that a waiver of the objection may occur if a special appearance on a motion to vacate is not made but it does not have the effect of validating the service retroactively.
Ordinarily the matter would be remitted for a hearing on the question of the validity of the service in accordance with the usual practice of examining witnesses. However, under the circumstances herein the court is constrained to find that service upon the station master was not service upon a person designated in section 229 of the Civil Practice Act to receive such service and therefore the service was invalid and void. (Commissioners of State Ins. Fund v. Singer Sewing Mach. Co., 281 App. Div. 867.)
Accordingly the alleged service being invalid and jurisdiction having been obtained only upon service of the notice of general appearance, the defense the Statute of Limitations is a complete bar to the plaintiff’s claim and the motion dismissing the complaint is granted.