**P. J. McCARTHY, Plaintiff,**

v.

**Leon LANGSTON and The Cape Company, a Florida corporation, Defendants.**

**Civ. A. No. 691.**

United States District Court
N. D. Florida,
Tallahassee Division.

April 29, 1959.

Steve M. Watkins, Tallahassee, Fla., for plaintiff.

Mallory E. Horne, Tallahassee, Fla., for defendant Leon Langston.

No attorney for defendant Cape Co.

CARSWELL, Chief Judge.

This suit was initiated under 29 U.S.C.A. § 216 for non-payment of minimum wages and overtime compensation under the Fair Labor Standards Act. Service of process was regular as to the defendant Langston and he answered the complaint. On November 21, 1958, default judgment was entered against the defendant, The Cape Company, a Florida corporation. The cause proceeded to trial against defendant Langston on February 4, 1959, the Court finding for the plaintiff and announced that it would enter judgment against Langston and against The Cape Company on the default. Thereafter, upon motion of plaintiff the action was dismissed as to the defendant Langston.

Prior to the entry of judgment against The Cape Company, it was suggested to the Court that it lacked jurisdiction as to The Cape Company for insufficiency of service of process, whereupon an amended return to the return of service on said company was ordered.

It appears that The Cape Company is a Florida corporation and that the president of it is one J. P. Redwine, Jr., who resides within the Southern District of Florida and who maintains the corporate office for service of process (as required by the laws of Florida) at his abode.

The complaint was addressed to the corporation and summons was also directed to the corporate entity.

The marshal's return to the service of the complaint stated: "I hereby certify, and return, that on the 7th day of October, 1958, I received this summons and served it together with the complaint herein as follows: At Sebring, Fla. on October 7, 1958, by serving the within-named The Cape Co., Inc., by delivering a copy of this Summons together with copy of Complaint to Mrs. Frances Redwine, Jr., who is the wife of J. P. Redwine, Jr., president of the said The Cape Co., Inc., at his usual place of abode, and receiving a long distance telephone call from J. P. Redwine, Jr., Sebring, Florida, 10/8/58 9:40 A.M. acknowledging receiving the Summons together with Complaint."

The amended return was identical with the exception of the final paragraph, which read: " * * * receipt of service being verified by the said J. P. Redwine, Jr., via telephone communication with the undersigned at 9:40 A.M. on October 8, 1958."

Was this a valid service within the meaning of Federal Civil Rule 4(d) (3), 28 U.S.C.A.? That Rule provides: " * * * Service shall be made as follows: * * * Upon a domestic * * * corporation * * * by delivering a copy of the summons and of the complaint to an officer * * *."

Here the service was attempted by the deputy marshal at the corporate office for service of process, which was also the abode of the president of the corporation. From all that appears this was a closed corporation, with the president the dominant factor. The summons and complaint were actually left with his wife.

While it does not appear that the wife was an agent or an agent for service of process, it is nevertheless fair to assume that a wife of the president of a closed corporation would not act adversely to his interest, and would therefore divulge the delivery of legal papers to him. The Deputy went to the official address of the corporation and so he could reasonably expect the person with whom he dealt to be connected with the corporation. These facts alone would be insufficient service. However, within twenty-four hours the president himself telephoned the deputy to acknowledge receipt of the summons and complaint.

The rationale of Rule 4(d) (3) is that service be accomplished upon a representative so integrated with the corporation that such person will know what to do with legal papers served. De Santa v. Nehi Corporation, D.C., 81 F. Supp. 637. The purpose of the Rule is to

bring home to the defendant notice of filing of the action. Barron and Holtzoff, Vol. 1, Section 171.

Where a deputy marshal delivered summons and complaint to a receptionist who said she would give them to an officer of the corporation, and she did so, after which the officer realized the significance of the papers, it was found to be a valid service upon an officer of the corporation. There the Court said: "Rule 4(d) (3) does not require that the delivery of process be accomplished during a face to face meeting with the person upon whom service is to be effected. Nor does it require that it be surrounded with medevial formalism. \* \* \* Where the Marshal acts in a manner similar to that adopted in this case which he can reasonably expect will result in delivery of the process to a person described in Rule 4(d) (3); and where his acts are effective in achieving delivery of the process to such a person, thereby giving the defendant notice that an action has been commenced against it; the service is sufficient." Koninklijke Luchtvaart Maatschappij NV v. Curtiss-Wright Corporation, D.C., 17 F.R.D. 49, 51.

■ Without a doubt the calculated acts of the marshal were sufficient to apprise the corporation with notice of the suit. It is not likely that there was a hiatus between delivery to wife at the corporate place for service of process and receipt of service by the president because of the dispatch with which he acknowledged the same.

■ While the defendant has not appeared to challenge the veracity of the marshal's return, it is nevertheless not conclusively binding upon it. Had defendant appeared to quash the service, it could only impeach the return by clear and convincing evidence. Halpert v. Appleby, D.C., 23 F.R.D. 5.

The file in this case contains several letters addressed directly to the Court from counsel who had represented defendant in the Southern District of Florida. They reveal that after receipt of summons and complaint, the defendant delivered them to counsel for disposition. With commendable dispatch that attorney suggested to the defendant that while there was a doubt as to service of process, he could not represent it in this Court and admonished the defendant to obtain local counsel at once to make appropriate pleadings. The file further reveals that counsel for the plaintiff was lenient in allowing the defendant time to obtain local counsel before he proceeded in behalf of his client.

An appropriate order in conformity herewith will be entered.