Charles Margett, J.
The defendant Studebaker-Packard Corporation, appearing specially, moves to vacate the purported service of process upon the ground that the summons was not served pursuant to section 229 of the Civil Practice Act.
The moving defendant is a foreign corporation authorized to do business in this State. It has duly designated the Secretary of State as agent for the receipt of service of process. According to the plaintiffs’ process server, he attempted to serve the summons and complaint upon an officer of the moving defendant at its office at 61st Street and Broadway, Borough of Manhattan, *550 City and State of New York. He “was told that the proper person to serve was Mr. Willard Kumpf who was an officer of the corporation and whose office was located at 601 West 54th Street, New York, New York. I proceeded to this address and I personally served the summons and complaint on him. He stated he was the Managing Agent and was authorized to accept service of the summons and complaint on behalf of studebakerPACKARD CORPORATION". ’ ’
There is no question that the service of the summons and complaint was made upon Mr. Kumpf who, admittedly, is an employee of the moving defendant. It is contended, however, that he is not now nor was he ever an officer of the moving defendant.
Under section 229 of the Civil Practice Act personal service of a summons upon a foreign corporation must be made by delivering a copy thereof within the State to the president, vice-president, treasurer, assistant treasurer, secretary or assistant secretary or an officer performing corresponding functions under another name (subd. 1); to a person or public officer designated for the purpose pursuant to law by certificate filed in the Department of State, the Banking Department or Insurance Department whose designation is in force, or, if a designee other than a public officer has died, resigned or removed from the State, the Secretary of State as provided by the General Corporation Law (subd. 2); to the cashier, assistant cashier, a director or a managing agent of the corporation, within the State, if service cannot be effected under subdivision 2 of this section, or an officer of the corporation specified in subdivision 1 of this section, with due diligence, cannot be found within the State (subd. 3).
Efforts to comply with subdivisions 1 and 2 of section 229 must be shown before service may be made upon a managing agent of the corporation as provided in subdivision 3. (Commissioners of State Ins. Fund v. Singer Sewing Mach. Co., 281 App. Div. 867, 868.) Since Mr. Kumpf was not an officer of the moving defendant at the time of the service of process upon bim such service assuming that he was a managing agent, was insufficient, absent any proof of efforts to comply with subdivision 2 of section 229, pursuant to which the service of process herein could have been made upon the Secretary of State under the designation referred to above and in accordance with section 217 of the General Corporation Law. The fact that the corporation did ultimately receive the summons did not validate the service thereof. It is equally well settled ‘ ‘ that the validity of service by plaintiff cannot be made to turn upon any *551 statement made by the person who actually received the summons, at the time he was served.” (Commissioners of State Ins. Fund v. Singer Sewing Mach. Co., supra.) The court is accordingly constrained to grant the motion.
Submit order.