Saul S. Streit, J.
Even if it be assumed that defendant is doing business in this State to a sufficient extent to be subject to the service of process here, this motion to set aside service must be granted. Goldman, the person served with the summons, is not a “ managing agent ” within the meaning of subdivision 3 of section 229 of the Civil Practice Act. To qualify as a ‘ ‘ man *132 ■aging agent,” the person served must exercise general powers involving judgment and discretion (Yeckes-Eichenbaum, Inc. v. McCarthy, 290 N. Y. 437, 444). Goldman merely solicited orders for defendant and others on a commission basis. He forwarded orders received for defendant to its home office for acceptance or rejection. He is not claimed to have any authority to use his own judgment or discretion as to any of defendant’s affairs. He does not collect any of its accounts nor does he have any power to make adjustments. He is not even an employee of defendant. His only compensation consists of commissions upon orders which defendant may choose to accept at its home office. He is not empowered to employ anyone for defendant, to open new accounts, to fix prices, to extend credit, or to bind defendant in any other way. The affidavits submitted by plaintiff contain no showing to the contrary, and, in fact, make no contrary claim except for a statement that Goldman told plaintiff that “ I am Gravely in New York, and I have been acting for them in New York for the past twenty years.” The reply affidavit states that the alleged statement is untrue. At any rate, a statement of an agent as to the extent of his authority is not binding upon the alleged principal. On the record presented, Goldman was clearly not defendant’s “ managing agent ” within the meaning of section 229 of the Civil Practice Act (McKeon v. McGowan & Sons, 229 App. Div. 568; Holzer v. Dodge Bros., 233 N. Y. 216; Ray D. Lillibridge, Inc., v. Johnson Bronze Co., 220 App. Div. 573; Hamlin v. Barrett & Co., 246 N. Y. 554). Motion granted.