John J. Glynn, as Trustee in Bankruptcy of the Estate of John H. Parker Company, Bankrupt, Appellant, v. Hyde-Murphy Company, Respondent.

(Supreme Court, Appellate Term, First Department, October, 1920.)

Contracts — breach of —jurisdiction — foreign corporation — service of summons — Code Civ. Pro. § 432(3).

> Where defendant, a foreign corporation, made a contract in the state of New York to manufacture at its factory in Pennsylvania certain materials and deliver the same to plaintiff f. o. b. in the state of Ohio, and subsequently by a letter sent by mail to plaintiff repudiated further performance of the contract, the cause of action for breach of the contract arose within the jurisdiction of the courts of the state of New York.
>
> Where the summons and complaint were served on defendant's sales agent in charge of its New York office, from which there was a continuous and permanent course of business transactions, an order granting defendant's motion to set aside the service on the grounds that defendant had no property in this state, that the cause of action did not arise here, and that the service of the summons and complaint upon defendant's managing agent was unauthorized under section 432(3) of the Code of Civil Procedure, will be reversed and the motion denied.

Appeal by plaintiff from an order of the City Court of the city of New York, granting defendant's motion to set aside the service of a summons and complaint.

Walter E. Godfrey, for appellant.

Stover, Hall, Cunningham & Bevier (John H. Jackson, of counsel), for respondent.

Wagner, J.  The defendant, a foreign corporation, whose agent was served in this city moved to set aside the service of a summons and complaint on the grounds that because it had no property in this state

and the cause of action did not arise here, service on a managing agent was unjustified under the Code, and that defendant corporation was not doing business within the state. The challenge to the jurisdiction was sustained, resulting in the order appealed from.

Section 432, subdivision 3, of the Code of Civil Procedure reads: " If such a designation is not in force, or if neither the person designated, nor an officer specified in subdivision first of this section, can be found with due diligence, and the corporation has property within the State, or the cause of action arose therein; to the cashier, a director, or a managing agent of the corporation within the State."

It appears that the plaintiff in New York made a contract by interchange of letters whereby defendant undertook to manufacture at its factory in Ridgeway, Penn., and deliver materials to plaintiff f. o. b. Youngstown, O. At a subsequent time, by letter sent from Ridgeway, Penn., to the plaintiff in New York, defendant repudiated further performance of the contract and cancelled the same. Having been sent by mail, the carrier was but defendant's agent, and it was necessary in order to repudiate the contract to have such notice reach the plaintiff. Under the circumstances, the breach of the contract occurred in this state, and the cause of action therefore arose within the jurisdiction of our courts. Defendant's reliance upon *Wester* v. *Casein Co. of America,* 206 N. Y. 506, is misplaced, for that decision was placed upon the fact that the plaintiff there, in order to put an end to a controversy which had arisen by their own telegram, sought a reply, and made the chosen means of communication their agent to receive it.

We think furthermore that, under the authorities, the moving papers disclose that the defendant was doing business within the state. *Tauza* v. *Susque-*

*hanna Coal Co.*, 220 N. Y. 259; *Swift* v. *Matthews Eng. Co.*, 178 App. Div. 201. We think that there was a continuous and permanent course of business transacted by defendant here. Agents here were continually employed to solicit and forward orders to defendant to be filled in its factory in Pennsylvania. Suydam was clearly the sales agent in charge of the New York office. The defendant's name appeared on the door, its name at said address in telephone directory, its letterheads state its New York office address, and its vice-president directly in one of its letters referred to it. The " fair measure of permanency and continuity " of activities appearing in the moving papers is sufficient to subject it to the jurisdiction of our courts.

The order is reversed, with ten dollars costs, and disbursements and motion denied, with ten dollars costs.

BIJUR and DELEHANTY, JJ., concur.

Order reversed, with ten dollars costs.