SIDNEY ORSECK and ISRAEL ORSECK, Respondents, v. MONARCH OIL COMPANY, INC., MAX SCHNUR and ANNA SCHNUR, Appellants.— Appeal from an order restraining defendants, and appointing a receiver of the assets of the corporation, on the ground that the defendants are interfering with the transactions of the business of the corporation. Order appealed from unanimously affirmed, with costs to the respondents. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

ESTHER B. L. PRATT, Appellant, v. ELMER H. PRATT, Respondent.— Plaintiff appeals from an order denying her temporary alimony and counsel fees. Plaintiff brought an action for separation on the grounds of cruel and inhuman treatment. The defendant, in his answer, first denied the allegations of the plaintiff's complaint and then, as a counterclaim, demanded an absolute divorce. The plaintiff, by the counterclaim set forth in defendant's answer, is, therefore, faced with the necessity of defending her good name and reputation and should have been granted temporary alimony and counsel fees. The order of the Special Term should be reversed, with costs, and the plaintiff is awarded a counsel fee of one hundred dollars; fifty dollars payable at once and fifty dollars upon the beginning of the trial and should be awarded temporary alimony of five dollars a week from the commencement of the action, the back alimony to be paid at once and afterwards at the rate of five dollars per week until the determination of the action. Order of Special Term reversed, on the law and facts, with ten dollars costs and disbursements, and order granted for temporary alimony of five dollars per week, and counsel fee of one hundred dollars; fifty dollars payable upon the entry and service of a copy of the order to be entered thereon, and fifty dollars upon the beginning of the trial. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.

ESTELLA DOOLEY, Respondent, v., GEORGE GONYEA, Appellant.— Motion to change the place of trial from Columbia county to Clinton county. The plaintiff was driving out of a subordinate road into a primary road. Defendant approached from the right. The only eye witnesses who were not occupants of the cars are located in Clinton county. The convenience of necessary and material witnesses will not be served by a trial in Columbia county. Order reversed on the facts, and motion to change the place of trial granted. Hill, P. J., Rhodes and McNamee, JJ., concur; Crapser and Bliss, JJ., dissent and vote to affirm.

KENNETH WHEELER, Appellant, v. DR. SALSBURY'S LABORATORIES, Respondent. — Appeal by plaintiff from an order vacating the service of the summons and complaint, which was made upon one Eddy upon the theory that he was the " managing agent " of defendant, which is a corporation with its principal place of business at Charles City, Iowa. It has a warehouse and office at Harrisburg, Pa. Eddy was a salesman who took orders for merchandise to be shipped some from Charles City, Iowa, and some from Harrisburg, Pa., to customers whom he contracted. Eddy's managerial agency is predicated by appellant from the fact that as it is alleged he at times varied the prices from those quoted in the price list, and collected accounts due plaintiff. These acts are those usually performed by selling agents and do not involve managerial duties as indicated in section 229 of the Civil Practice Act. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.