## CHASAN v. CARUSO SPAGHETTI PLACE, INC., OF NEW JERSEY.

District Court, S. D. New York.

Dec. 18, 1943.

S. Joseph Oxenberg, of New York City, for plaintiff.

Sullivan, Donovan & Heenehan, of New York City, for defendant.

BONDY, District Judge.

The defendant moves to dismiss the action on the ground that it does not carry on any business in the State of New York and is not present in the State of New York and is not amenable to the jurisdiction of this court.

The facts upon which plaintiff relies to establish defendant's presence within the State are that checks in payment of all its obligations are drawn in this State, however on a bank in Newark; that the two stockholders of the defendant corporation discuss business matters within the State once a week; that the defendant employs a bookkeeper in New York, and that the corporate books are kept in New York pursuant to an agreement between the two stockholders that the books, records, data and transaction of all its financial affairs are to be kept in the Borough of Manhattan, New York City.

The business of the defendant, a New Jersey corporation, consists of the operation of a restaurant at 124 Market Street, Newark, New Jersey, where it prepares and sells food at retail to customers coming into the restaurant.

The fact that "Caruso's" letterheads list under the heading "Branches: 124 Market Street, Newark, N. J.", does not establish that the defendant doing business at that address is not a separate and independent corporation. Nor does the fact that the two stockholders of Caruso's Spaghetti Place in New Jersey are also stockholders of Caruso's Restaurants, Inc., establish that the defendant is carrying on any business in the State of New York. The court assumes that the repeated statement that defendant has its main office in New York is a conclusion based as is stated in the plaintiff's opposing affidavits upon the foregoing facts and is not supported by any other facts.

The court is of the opinion that these facts are not sufficient to establish that the defendant is carrying on any of its business in this state or is present in this state. Hutchinson v. Chase & Gilbert, 2 Cir., 45 F. 2d 139; Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 336, 45 S.Ct. 250, 69 L.Ed. 634.

The motion to dismiss the complaint accordingly is granted.