WALTER SHERMAN, Respondent, v. HARRY E. KAROUNOS et al., Appellants.— In an action by a partner to compel his copartners to account, defendants appeal from an order insofar as it grants plaintiff's motion to vacate defendants' notice to examine plaintiff before trial. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Johnston, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.

ERNEST STASSOU, Respondent-Appellant, v. MAJESTIC REFRIGERATOR CORPORATION et al., Appellants-Respondents.— Action to recover for water damage to property belonging to plaintiff, a furrier, and to property of customers left with him for repair or storage. Defendants are respectively plaintiff's air-conditioning contractor and a subcontractor hired by that defendant to install the piping for the air-conditioning system. The complaint alleges that defendants cut a hole in the roof of plaintiff's building for the installation of the piping and negligently left open the hole allowing rain to enter the building causing the damage complained of. The complaint alleged that plaintiff's damage amounted to over $37,000, but gave proof as to damages amounting to about $33,500. Each of the defendants served a cross complaint against the other pursuant to section 264 of the Civil Practice Act. At the end of the entire case the court granted Majestic's motion to dismiss Contractors' cross complaint and granted Contractors' motions to dismiss Majestic's cross complaint and the complaint as against it. The jury rendered a verdict in favor of plaintiff against defendant Majestic for $10,000. A judgment was entered on the verdict and the motions to dismiss the complaint and cross complaints. Defendant Majestic appeals insofar as the judgment is in favor of plaintiff against it and as dismisses its cross complaint against defendant Contractors. Defendant Contractors appeals insofar as the judgment dismisses its cross complaint against defendant Majestic. Plaintiff appeals insofar as the judgment dismisses the complaint as against defendant Contractors. Judgment reversed on the law and the facts and a new trial granted, with costs to all appellants to abide the event. The verdict of the jury was against the weight of the credible evidence. The motions by defendant Contractors to dismiss the complaint as against it and to dismiss defendant Majestic's cross complaint should not have been granted as questions of fact were raised on the trial as to defendant Contractors' liability which should have been submitted to the jury. Nolan, P. J., Carswell, Johnston, Adel and Schmidt, JJ., concur.

HENRY TOMAN, Respondent, v. HELEN TOMAN, Appellant.— Action by a husband for separation, in which his wife interposes a counterclaim for similar relief. Defendant appeals from an order denying her motion for temporary alimony and a counsel fee to defend the action, and referring the matter to the trial court for disposition. Order modified on the law and the facts so as to provide that defendant's motion be granted to the extent of allowing her a counsel fee of $200. As so modified, the order is affirmed, without costs. The counsel fee is to be payable $100 within twenty days after the entry of the order hereon and $100 when the case is placed on the calendar for trial. Under the circumstances the defendant was entitled to a counsel fee to enable her to defend the action. Adel, Wenzel, MacCrate and Schmidt, JJ., concur; Johnston, Acting P. J., dissents and votes to affirm.