Max J. Wolff, Ref.
The defendant Murray Stein Enterprises, Inc., has moved to vacate service upon it of the summons in this action, asserting that it is not present within the jurisdiction. The summons was served in the city of New York upon its president on April 21, 1956.
The defendant is a corporation which was organized in the State of Massachusetts where it has its principal place of business. No certificate authorizing it to do business in New York was ever filed, and it has not designated anyone to receive service within the State of New York. It has no place of business here. Apparently it does not hold itself out as engaging in any activities within this jurisdiction. It is not listed in any telephone or other local directory. It has no letterheads or other stationery with a New York address. It is in the business of making up sample cards and sample books for converters of woolens, plastics, cottons and rayons. As its president testified: ‘' When the customer has a problem of presentation of fabrics, then we take the type of fabrics and how best to proceed with it, how to create the art work, lay out the fabrics, in other words how are we going to make this palatable to most customers * * *. All they give us are the fabrics themselves. * * * We have to design and create for them ’ ’. He further stated: ‘ ‘ The printing, binding, swatching and everything” is done “ under one roof”, in defendant’s plant, which is situated in Lawrence, Massachusetts.
The defendant’s president, whose name is Murray Stein (the corporation being named after him), spends Thursday and Friday of each week in the city of New York where he resides *564 and maintains his family. The rest of the week he is at the defendant’s place of business in Massachusetts or traveling elsewhere in the country to obtain orders. He is also assisted by a salesman who comes to New York on rare occasions, perhaps no more than once in two months. The importance of the city of New York to defendant’s business is shown by Stein’s testimony that “New York is the leading market for these things [referring to woolens, plastics, cottons and rayons], that is why I happen to be in New York.”
The defendant was organized in October of 1955. By the beginning of July, 1956, it had done a gross business of approximately $200,000, about $75,000 of which came from the city of New York and as a result of the solicitation of orders here; within that period of time sample card books made up at defendant’s Massachusetts plant which brought the defendant the latter sum were delivered into the city of New York. Stein explained that he has adequate authority to approve orders, fixing prices and passing upon credit. ■ Most of the written orders which the defendant has received from customers in the city of New York were sent through the mails to its Massachusetts office. However, Stein has occasionally taken written orders away from a customer’s place of business. Stein’s work for the defendant in the city of New York was explained by himself as follows: ‘ ‘ Let me say when I come in here it is usually for the planning of an order, the discussion of an order and giving the customer an idea of how to proceed with that order, I don’t come in purposely to pick up an order, that is not the important thing, we can proceed without an order, once the customer gives a dummy or verbal O.K. that is good enough for me, they are all rated and reliable, and their personnel are excellent people to deal with.”
It thus appears that the defendant not only solicits business in New York, to the extent that solicitation is necessary, but that essential “ planning ” of orders, a substantial part of the services rendered by the defendant, is done here at the places of business of customers with whom Stein collaborates. The defendant’s continuous course of business within the jurisdiction in the solicitation, planning and servicing of orders is such that I think it may fairly be found that it is present here, although it has no local office or telephone listing. (Cf. Stender v. Blodgett Co., 308 N. Y. 752.)
I find that this court has acquired jurisdiction of the defendant, a foreign corporation. I recommend that its motion to vacate the service of the summons herein be denied.
*565 (Motion to confirm report of referee, August 20, 1956.)
The motion to confirm the referee’s report is granted and it is hereby confirmed on the opinion of the learned referee. The motion in chief to vacate the service of the summons and complaint, upon which decision was held in abeyance pending the report of the referee, is now denied.