Samuel Di Falco, J.
Defendant appearing specially moves to set aside service of process and to dismiss this action upon the ground that this court has no jurisdiction over the defendant for the reason that it is a foreign corporation not doing business within this State. The service in question was made upon one Walter Kramer claimed to be defendant’s New York agent and also as managing agent of Eagle Flagg Tanning Corp., also described as defendant’s New York agent.
In support of the application, defendant asserts, in substance, that: it has no certificate authorizing it to do business here; it is a Florida corporation engaged in the leather tanning business having its factory, offices and sole place of business in Lakeland, Florida; it maintains no place of business whatsoever in this State and none of its officers, directors, agents, servants *209 or employees are in New York State; it has no mailing or telephone listing or arrangements of any kind whatsoever in this State; it manufactures in Florida and ships nationwide; in the past year shipments were made to 10 or 15 States including New York but that “ only a small percentage ” of sales were made here; the New York sales were made through the solicitation of individuals who receive commissions for any sales so made; all such orders and sales must first be accepted by defendant in Florida; all shipments are made and all bills and invoices are sent from Florida and payments are made to its offices in that State; no person in New York is in any way authorized to act as agent or servant of defendant or to bind it to ship merchandise or to engage in any other transaction; none of its bills or invoice forms indicate any New York office or agent authorized to act for it.
Defendant further alleges that: the person served does solicit business for it but merely upon a commission basis to be paid when his orders or sales are accepted by defendant in Florida; defendant has the right to reject or refuse such orders or sales; Kramer has no authority to in any way bind defendant to make sales or to do anything else.
Walter Kramer, the alleged agent, and Eagle Flagg Tanning Corp., by affidavit, corroborate all statements respecting their relationship with defendant, in effect, stating that each carries on an independent business and denying that they act in any way for defendant except from the standpoint of selling upon a commission basis as described in defendant’s affidavit.
Plaintiff, in opposition, in effect categorically denies the truth of the statements made by defendant and Kramer but sets forth no real facts pertaining to the actual relationship between defendant and Kramer or Eagle Flagg Tanning Corp., except a purported oral statement alleged to have been made by defendant’s president to him in or about November 4, 1955 to the effect that ‘ ‘ the defendant had engaged Eagle Flagg Tanning Corp. or Walter Kramer as its agent in New York” and that he “would in New York perform the same services for defendant ’ ’ theretofore rendered by plaintiff. The duties claimed to have been so performed by plaintiff are also set forth.
Plaintiff’s attorney also submits an affidavit stating that when preparing his papers for this case he called Eagle Flagg Tanning Corp., and asked for “ the agent in charge of the business of Lakeland Hide & Leather Co. Inc.” and was informed that it was Mr. Kramer.
Upon the facts adduced in the papers before me I am of the opinion that defendant was not doing business here so as to be *210 amenable to service of process within, the purview of the applicable statutes.
Plaintiff has shown no real evidentiary facts to establish that defendant is carrying on business here. The descriptions of the duties that he alleges he performed are at best conclusory and are in no way supported by factual material. Certainly, they do not in any way prove that the person now alleged to be the agent of defendant also carries on the same duties. Indeed if we give full weight and the strongest possible interpretation to the allegations of plaintiff the conclusion is inescapable that plaintiff was merely an independent person selling merchandise for defendant. He makes no claim of employment by defendant or even that he acted as its sole representative here. So far as Kramer and Eagle Flagg Tanning Corp. are concerned the facts before me indicate that they are only independent dealers who also sell for defendant upon a commission basis, having no other relationship to defendant.
In this type of case there is no precise formula by which we can determine whether a foreign corporation is doing business to the extent necessary to be subject to service of process. Each case must be decided upon its own particular facts (Sterling Novelty Corp. v. Frank & Hirsch Distr. Co., 299 N. Y. 208, 210).
In the instant case we have, at best, a showing that the only business done by defendant here are sales through independent persons and firms upon a commission basis. There are present no other incidents of doing business in this State. The mere soliciting of orders by an independent broker does not constitute doing business in this State (McKeon v. McGowan & Sons, 229 App. Div. 568; Clift & Goodrich v. Collier Mills, 204 App. Div. 539; also, see, Vassallo v. Slomin, 278 App. Div. 949 where the court held to the same effect although the facts therein were much more favorable to plaintiff’s contention by reason of the fact that the person served was the exclusive sales representative here for the defendant therein and had the name of the defendant on his door and listed in the phone directory).
In addition I am of the opinion that plaintiff has failed to prove that he has tried to comply with the provisions of subdivisions 1 and 2 of section 229 of the Civil Practice Act before making the service of process here under attack. Nor is there any proof that the person served was in fact a managing agent of the defendant corporation.
The motion is accordingly granted. Settle order.