■ FRANK ORR, Respondent, v. BETTY ORR, Appellant.— In an action by a husband for divorce, in which his wife interposed an answer consisting of a general denial and a counterclaim for separation, the appeal is from an order which denied her motion for temporary alimony and a counsel fee. Order reversed, with $10 costs and disbursements, and motion granted to the extent (1) of allowing appellant a counsel fee of $200, payable $100 within 20 days after the entry of the order hereon and $100 when the case is placed on the calendar for trial, and (2) of referring the question of temporary alimony to the trial court for disposition. Under the circumstances presented, appellant was entitled to a counsel fee to enable her to defend the action. (Cf. *Toman* v. *Toman*, 280 App. Div. 990.) Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS CONTALDO, Appellant.— Appeal from a judgment of the County Court, Kings County, convicting appellant of robbery in the first degree, burglary in the first degree, and petit larceny, and sentencing him as a third felony offender for a minimum of 30 years and a maximum of 60 years on each of the robbery and burglary counts, the sentences to run concurrently, and suspending sentence on the petit larceny count. Judgment unanimously affirmed. In our opinion the jury was free to find, from all of the proof in the case, that the circumstances involving the appellant in the participation of the crimes charged were established by clear and convincing evidence and excluded to a moral certainty every other inference but that of appellant's guilt (*People* v. *Foley*, 307 N. Y. 490). The trial court committed no error in charging the jury that the rule of recent possession of the fruits of the crime was ascribable to an object which, in an evidentiary way, linked the accused to the offenses specified in the indictment, though the object itself was not mentioned in the indictment (*People* v. *Garkus*, 358 Ill. 106; *Byrd* v. *State*, 146 Fla. 686). The trial court's passing reference to "his shoes", considered in the context of the full charge, did not take from the jury the duty of passing upon the question of fact as to the ownership of the shoes. Present — Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS PARNELL, Appellant.— Appeal from an order of the County Court, Kings County, which denied without a hearing an application in the nature of a writ of error *coram nobis* to vacate a judgment rendered April 10, 1947 convicting appellant, on his plea of guilty, of robbery in the third degree, unarmed, and sentencing him, as a second offender, to serve from 15 to 30 years. Order unanimously affirmed. No opinion. Present — Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.