Frank E. Johnson, Off. Bef.
Testimony has been taken under the order to determine if the defendant corporation was duly served; a summons was delivered to this person who testified, but whether service was thus duly obtained on defendant is the question here. No testimony was offered here by plaintiff to contradict that witness; he was examined by defendant’s counsel when plaintiff did not appear on the day the hearing was duly set before the undersigned; no motion to open that ex parte hearing has been made. Upon his testimony the com *577 pany has not been doing business here, and by service on him the court did not acquire jurisdiction. At a later hearing plaintiff first raised the question of defendant’s right to question the effect of the service because of its failure to 1 ‘ appear specially.” After the 1956 service date several stipulations were signed by both sides, enlarging the time of defendant to “specially and/or generally appear, and/or answer, and/or otherwise move.” The defendant’s original motion papers did not use the words “ appearing specially.” Since 1951, section 237-a of the Civil Practice Act has governed the procedure considered here, but it does not specifically require the use of those words on the motion papers. Even before 1951 it was apparently not necessary to use them on those papers (Bernstein v. Hakim, 126 Misc. 582; Odiens v. Odiens, 265 App. Div. 641). In Robinson v. Robinson (123 Misc. 80) Cabswell, J., made it clear, by citations, that appearing by motion (apparently not using those words) is not a general appearance in the action (see cases cited, p. 82). The 1951 enlargement of section 237, proposed by the Judicial Council (see Seventeenth Annual Report of N. Y. Judicial Council, 1951), does not exclude the reasoning of Justice Cabswell as to how to avoid a general appearance, nor does it profess to specify what, if any, language must be used to make the motion a “ special appearance.” It implies that no particular words are necessary when the obvious object of the motion is to not appear generally. If defendant, on its motion, by reason of the absence of such words did not “ appear specially,” plaintiff has waived that objection by the language of the stipulations. No jurisdiction was acquired by the service, in view of the testimony given. Settle order.