Benjamin Brenneb, J.
Motion by plaintiff to confirm the report of an Official Referee.
Defendants had moved to set aside the service of the summons on the ground that it was never delivered and that the defendants are foreign corporations not subject to the jurisdiction of the court. The motion was referred to an Official Referee who filed a report which, in effect, upholds the service.
Defendants contended that they were not doing business in this State; that the person served in the action was not the managing agent or other person permitted to be served under section 229 of the Civil Practice Act in place of an officer designated in subdivision 1 or a person described in subdivision 2, and that plaintiff had failed to comply with subdivision 3 which requires due diligence in an effort to effect service on an officer before service on those specified in subdivision 3 of said section 229. The summons was served upon one David Lipoff who, it is claimed, was the managing agent of defendants. Defendants deny this and claim that Lipoff was employed by the Bergman Buying Service as shown by checks of said corporation (apparently for salary) given to Lipoff at about the time of the alleged service. While Lipoff could have been in the employ of both the Bergman Buying Service and the defendants, the record fails to show that he was employed by the defendants or either of them. Plaintiff’s only evidence of his contention was that he was told to report to 421 Seventh Avenue, that his samples would be there and that “ Mr. Lipoff would orientate him with the office, the samples and the procedure there.” This testimony falls far short of establishing that Lipoff was vested with the necessary general authority to constitute him a managing agent. (Brown v. United States Daily Pub. Corp., 146 Misc. 539; Wheeler v. Salsbury’s Labs., 255 App. Div. 744.)
While the defendants used the office of the Bergman Buying Service for display of their samples by plaintiff, were listed on *931 the building directory, had a telephone listing and their names on the office door, they neither manufactured nor purchased goods in New York, purchases being made by the Bergman -Buying Service and sales being made by plaintiff. Orders were sent to the defendants’ office in Cincinnati, processed there and shipped from there or other points outside of New York. Plaintiff also contacted Cincinnati for clearance as to commissions, etc., and had nothing to do with Mr. Lipoff either before he was hired or afterwards. Mr. Lipoff did not pay him, all checks being drawn by Zussman & Company in Cincinnati and sent to plaintiff at his home in New York.
Failure to prove the actual relationship between a foreign corporation and the person served requires a holding "that the right to maintain the action has not been acquired (Coler v. Pittsburgh Bridge Co., 146 N. Y. 281). Service of the summons must be vacated where there is no proof that the person served is, in fact, the managing agent of the defendant corporation.
The mere fact that a foreign corporation employs selling-agents in New York State who maintain offices here and place the name of the corporation on the door and in the telephone directory has been held not to constitute doing business here so as to subject the corporation to the service of process. (Ray D. Lillibridge, Inc. v. Johnson Bronse Co., 247 N. Y. 548; Penn-rich & Co. v. Juniata Hosiery Mills, 247 N. Y. 592; Hamlin v. Barrett & Co., 246 N. Y. 554.) All of these cases, in which the service was not sustained, were based on facts which were more favorable to plaintiff than are the facts in the instant case. (Rubin v. Consolidated Royal Chem. Corp., 55 N. Y. S. 2d 489; Wolf v. Globe Hoist Co., 285 App. Div. 1167.) There is thus an insufficient showing- to enable the court to hold that the defendants were doing business in the State of New York.
Since plaintiff has failed to show that the defendants were doing- business within this State and that David Lipoff was a managing- agent of defendants, it is unnecessary to consider defendants’ contention that plaintiff has failed to show any efforts to comply with subdivisions 1 and 2 of section 229 of the Civil Practice Act, which are prerequisites to the application of subdivision 3 of said section (McKeon v. McGowan & Sons, 229 App. Div. 568). Whether or not such efforts were made need not be passed on in determining this motion since plaintiff has failed to show any effort, let alone diligent efforts, to serve an officer of the defendant corporations.
The motion to confirm the Referee’s report is denied and the motion to vacate and set aside the service of the summons is granted.