■ SOPHIE KIND, Appellant, v. JACOB KIND, Respondent.— In an action by a wife for a separation on the grounds of cruelty and abandonment, the appeal is from an order denying her motion for an allowance for her support and for the support of the children of the parties during the pendency of the action and for a counsel fee to enable her to prosecute the action. Appellant made her motion before the service of the answer. After the motion had been submitted and before it was decided, respondent served an answer denying the allegations of the complaint and counterclaimed for a separation on the grounds of cruelty and refusal to cohabit. The following day appellant's attorney in a letter advised the court of the service of the answer, enclosed a copy thereof and requested that the court take into consideration in fixing the counsel fee the additional services which he will be required to render to appellant on respondent's counterclaim. Thereafter appellant's motion was denied, with leave to renew upon proof of the corroboration of the alleged acts of cruelty.

Order reversed, without costs, motion granted, and respondent directed (1) to pay appellant $75 a week for her support and the support of the children, commencing on the date of the entry of the order hereon, and (2) to pay appellant $500 within 20 days after such date as and for a counsel fee, with leave to appellant, if so advised, to apply to the trial court at the time of trial for an additional counsel fee. The order appealed from refers to the papers upon which the decision is based and mentions, among others, "pleadings herein filed". We assume that the court considered the answer and counterclaims, although it was informally before the court. Under the circumstances, appellant was entitled to a counsel fee. (*Pratt* v. *Pratt*, 255 App. Div. 744; *Toman* v. *Toman*, 280 App. Div. 990.) In any event, appellant would have been entitled to the relief sought had she moved anew after the service of the answer. (*Skannel* v. *Skannel*, 275 App. Div. 713.) This case should be noticed for trial as soon as possible. Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ., concur.