## (May 11, 1961)

■ CHARLES JOSEPH et al., Respondents, v. EDWARD LITKE et al., Appellants, et al., Defendants.— Order entered on May 31, 1960 unanimously modified to the extent of striking the direction to defendant Service Warehouse Corp., also known as Service Warehouse, Inc. (herein called Service), and Super Company, Inc., to serve an answer, and vacating the judgment against Service, and otherwise affirmed, with $20 costs and disbursements to Service against plaintiffs-respondents and, with $20 costs and disbursements to plaintiffs against defendant Litke. The record amply supports a finding that the defendant Litke was served personally in conformance with the provisions of section 220 of the Civil Practice Act. However, the service of the summons upon Litke as president of defendant Service Warehouse Corp., a California corporation, did not confer jurisdiction upon it in this State. (Dollar Co. v. Canadian Car & Foundry Co., 220 N. Y. 270.) The record fails to reveal that standard of "minimal contacts" necessary to sustain this court's assertion of jurisdiction over a foreign corporation. (Hanson v. Denckla, 357 U. S.

235 [1958].) While there is no precise rule to determine whether a foreign corporation is doing business in New York (*Tauza* v. *Susquehanna Coal Co.,* 220 N. Y. 259; Isaacs, An Analysis of Doing Business, 25 Col. L. Rev. 1018) in this case there is a failure to show that the corporate defendant's business activities in this State were so systematic, regular and permanent as to confer jurisdiction upon this court. (*International Shoe Co.* v. *Washington,* 326 U. S. 310 [1945]; *Pine & Co.* v. *McConnell,* 273 App. Div. 218.) The single, vague and ambiguous reference in the record to "inventory in New York" is insufficient to satisfy the minimal contacts rule. (*Eureka Prods.* v. *Ross-Bart Studio Theatre,* 130 N. Y. S. 2d 116; *Levine* v. *Wallitzer,* 130 N. Y. S. 2d 346; *Fried* v. *Lakeland Hide & Leather Co.,* 14 Misc 2d 208.) Nor does the fact that the order to show cause to vacate the summons and judgment against Service Warehouse Corp. did not specifically allege that the defendant Service Warehouse Corp. was appearing specially pursuant to section 237-a of the Civil Practice Act constitute a general appearance by the said corporate defendant. The designation of an appearance as special is determined by the substance of the motion rather than its title. (*Rando* v. *Impresa Navegazione Commercialle,* 9 Misc 2d 576; 3 Carmody-Wait, New York Practice, p. 412, § 59 and cases cited thereunder.) In view of the fact that defendant Super Company, Inc., was not served and did not appear in this action, no jurisdiction was acquired by this court. (Cf. *Stuyvesant* v. *Weil,* 167 N. Y. 421.) While section 108 of the Civil Practice Act permits the opening of a default "upon such terms as justice requires", a condition of the order of Special Term was directed to Super Company rather than to a party over whom there was jurisdiction, and accordingly such direction to Super was a nullity and should be stricken. Settle order on notice. Concur — Botein, P. J., Rabin, McNally and Stevens, JJ.