■ GRANDOE GLOVE CORPORATION, Respondent, v. GREAT EASTERN FINANCIAL CORPORATION, Appellant, et al., Defendants.— COOKE, J. Appeal by defendant Great Eastern Financial Corporation from an order of the Supreme Court at Special Term, which denied its motion to dismiss the complaint, in an action to recover the agreed price and reasonable value of various quantities of gloves, on the ground that the court does not have jurisdiction of said defendant's person (CPLR 3211, subd. [a], par. 8). Special Term found that defendant Porter was an agent of appellant, a Pennsylvania corporation, in his transactions with plaintiff and, because of the agent's activities within New York, that service was properly made without the State (CPLR 302, subd. [a], par. 1). In 1966 Porter, a Pennsylvania domiciliary doing business as Tournament of Champions, came to Gloversville, New York and contracted with respondent, a glove manufacturer, for the making and sale of special golf gloves, into which were inserted weights, for eventual resale to retailers. A number of orders were filled and later that year Porter shipped to Gloversville by his truck a quantity of pellets for the gloves. In early 1967 Porter met with plaintiff's representative in New York City relative to arrears then due and the further manufacture of the gloves. A quantity of boxes for packaging the finished product was shipped to plaintiff by a firm acting for Porter and on March 3, 1967 appellant's president called plaintiff's employee concerning the Porter account and work in process. While the employee states that the vice president authorized plaintiff to resume production in process and that payment would be made by appellant, the vice president swears that he never indicated that his company was interested in the production of gloves or that production in process continue, making it clear at all times that his concern was acting solely as a factor and that all dealings regarding gloves were between plaintiff and the Tournament of Champions. In a purported confirmation, appellant's officer wrote to plaintiff that "We are acting as fiscal agent for the company and I can assure you of prompt payment on shipments made." At about this time defendant Tournament of Champions,

Inc., was incorporated. An affidavit submitted by respondent states that all orders which did not bear the authorization of appellant were returned or held by plaintiff to await such authorization and that all billings for gloves so authorized were made to appellant. On the contrary, it is submitted by appellant that it did not purchase the goods mentioned in the complaint and that all orders were made solely by Tournament and submitted through appellant. There is no evidence in the record to sustain a finding of a partnership or joint venture between Porter or Tournament of Champions, Inc. and appellant. If Porter or Tournament was the sole buyer of respondent's gloves, then his or its actions in New York could not serve as a basis for obtaining jurisdiction over appellant (cf. *Standard Wine & Liq. Co.* v. *Bombay Spirits Co.*, 25 A D 2d 236, affd. 20 N Y 2d 13). On the other hand, if appellant had engaged in purposeful activity here "through an agent" present here, there would be sufficient basis to uphold jurisdiction (*Parke-Bernet Galleries* v. *Franklyn*, 26 N Y 2d 13; *Hodom* v. *Stearns*, 32 A D 2d 234; *Millner Co.* v. *Noudar, Lda.*, 24 A D 2d 326, 328–329). Because of the lack of sufficient evidentiary proof, particularly as to the dealings between Porter and appellant, and in view of the contradictory and conclusional content of affidavits, there should be a hearing to determine the relationship between said parties (cf. *Crossley Glove Co.* v. *Wakefield Leathers*, 30 A D 2d 598). Order reversed, on the law and the facts, without costs, and matter remitted to Special Term for hearing and determination. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Cooke, J.