CHRISTIE CARBONE, Respondent, v FORT ERIE JOCKEY CLUB, LTD., Appellant.

Fourth Department, April 17, 1975

*Brown, Kelly, Turner, Hassett & Leach (Bruce R. Fenwick* of counsel), for appellant.

*Norman B. Lewis, P.C. (Benjamin J. Hoey* of counsel), for respondent.

MAHONEY, J. The question presented on this appeal is whether defendant, Fort Erie Jockey Club, Ltd., the owner and operator of a horse racing track at Fort Erie in the Province of Ontario, Canada, has been conducting business within the State of New York so as to be subject to in personam jurisdiction in this State. Special Term held that such jurisdiction exists. We conclude that it does not.

Plaintiff alleges that on August 15, 1971 he, a resident of Erie County, was injured in a fall on defendant's premises at Fort Erie, Ontario, Canada by reason of defendant's negligence. In December, 1971 plaintiff began this action against defendant by service of a summons upon defendant in Ontario, Canada. It was stated in the summons that it was served pursuant to (CPLR 302 subd [a]), which is New York's "long arm" statute for asserting jurisdiction over foreign defendants. Defendant interposed an answer, alleging as an affirmative defense that it is not subject to in personam jurisdiction in this State and it brought this motion to vacate the summons and dismiss the complaint. Affidavits in support of the motion averred that it has never conducted any business in New York, that it has no office or assets in New York and that it has no employee or agent in New York. In opposition to the motion plaintiff submitted his attorney's affidavit averring that for years defendant has conducted systematic solicitation of business and advertising in the State of New York, particularly the western area thereof, that it has a telephone listing of its Fort Erie, Ontario, Canada telephone in the Buffalo telephone directory, that it engages in regular advertising in New York newspapers and that by use of radio, television and billboards in New York, it encourages western New York social functions and outings to defendant's race track and that it relies heavily on New York patronage for the success of its business.

In his brief plaintiff forthrightly states that jurisdiction does not rest on the New York "long arm" statute (CPLR 302, subd [a]) but is grounded on the claim that it is engaged generally in doing business in this State (CPLR 301). This is necessarily so, because under no view of the facts of this case could it be found that plaintiff's cause of action arose out of acts of defendant in New York or business that defendant transacted in New York (see *Frummer v Hilton Hotels Int.,* 19 NY2d 533,

535-536). Thus, our inquiry is limited to whether there is any basis for a finding that defendant has been "doing business" generally in New York and thus had been "present" here— the due process ground for assumption of jurisdiction over a foreign corporation (see *International Shoe Co. v Washington,* 326 US 310, 316; *Frummer v Hilton Hotels Int., supra; Simonson v International Bank,* 14 NY2d 281; and see, also, *Rosenberg Co. v Curtis Brown Co.,* 260 US 516).

Whether a foreign corporation is engaged in activities in this State sufficient to subject it to general jurisdiction here because it is "doing business" and is "present" here is, in general, "a simple pragmatic" matter—a question of fact *(Bryant v Finnish Nat. Airline,* 15 NY2d 426, 432; *Tauza v Susquehanna Coal Co.,* 220 NY 259; *Elish v St. Louis Southwestern Ry. Co.,* 305 NY 267; *Lowenthal Co. v Colonial Woolen Mills,* 38 AD2d 775; *Meunier v Stebo, Inc.,* 38 AD2d 590). Generally, however, it has been held that the mere solicitation or promotion of business in New York by an out-of-State company does not amount to the minimum contacts required to constitute "doing business" in New York *(Delagi v Volkswagonwerk AG of Wolfsburg,* 29 NY2d 426, 432; *Miller v Surf Props.,* 4 NY2d 475; *Yeckes-Eichenbaum, Inc. v McCarthy,* 290 NY 437, 443–444). For example, absent a showing of an office or employees or agents in New York, the use of New York media for advertising defendant's foreign business and a New York telephone listing of such foreign telephone at its place of business had been held insufficient to confer jurisdiction over the defendant in New York *(Meunier v Stebo, Inc.,* 38 AD2d 590, *supra; Greenberg v R.S.P. Realty Corp.,* 22 AD2d 690, cf. *Frummer v Hilton Hotels Int.,* 19 NY2d 533, *supra,* wherein defendant was an English corporation having an affiliated corporation in New York which solicited business and made reservations in New York for the defendant in England, the New York affiliate being the agent for the defendant for such purpose).

It may be added that judicial restraint should be exercised against the extension of jurisdiction to include cases where the alleged acts here are accomplished only by mail or telephone. "Enthusiasm for extending jurisdiction over foreign persons in foreign lands in limited contact cases * * * may well be tempered by the expectation that the same rule will be reciprocally applied in remote countries against our citizens here" *(Millner Co. v Noudar, Lda.,* 24 AD2d 326, 329).

Although a hearing is often required before a defendant will be entitled to a vacatur of the summons and dismissal of the complaint for lack of jurisdiction (see *Noble v Singapore Resort Motel,* 21 NY2d 1006; *Charles Abel, Ltd. v School Pictures,* 40 AD2d 944; *D'Agostino v Quality Courts Motel,* 35 AD2d 842; *Grandoe Glove Corp. v Great Eastern Financial Corp.,* 34 AD2d 593), no issue of fact has been raised in this case justifying a hearing (see *Lamarr v Klein,* 35 AD2d 248, affd 30 NY2d 757).

The order should, therefore, be reversed and the motion to vacate the summons and dismiss the complaint should be granted.

MARSH, P.J., MOULE, DEL VECCHIO and WITMER, JJ., concur.

Order unanimously reversed without costs, motion granted and complaint dismissed.