**Harry COHEN, Plaintiff,**

v.

**VAUGHAN BASSETT FURNITURE CO. INC., and Elkin Furniture Company, Inc., Defendant.**

No. 80 Civ. 77.

United States District Court, S. D. New York.

Aug. 28, 1980.

---

**10.** Deposition of M.A. Overall at 9.      **11.** *Id.* at 68–69 and 88–89.

**850**

Goidel, Goidel & Helfenstein, New York City, for plaintiff; Glenn R. Schwartz, Westbury, N. Y., of counsel.

Marcus & Angel, New York City, Kleinberg, Moroney, Masterson & Schachter, Millburn, N. J., for defendants; Peter D. Wolfson, Great Neck, N. Y., and Hannah Goldman, South Plainfield, N. J., of counsel.

## OPINION

ROBERT J. WARD, District Judge.

Defendants Vaughan Bassett Furniture Company, Inc. ("Vaughan Bassett"), and Elkin Furniture Company, Inc. ("Elkin"), move to dismiss the complaint pursuant to Rule 12(b), Fed.R.Civ.P., on the grounds that the Court does not have personal jurisdiction over defendants and that venue is improper. For the reasons set forth below, the motion is granted.

Plaintiff, a resident of New Jersey and formerly defendants' sales representative in that state, brings this action to recover damages for breach of contract, quantum meruit, libel, slander, interference with prospective employment, and interference with contract. Vaughan Bassett, a Virginia corporation, has its principal place of business in Virginia and is not licensed to do business in New York State. Elkin, formerly a North Carolina corporation, was merged into Vaughan Bassett in 1964, and now exists only as a division of Vaughan Bassett.

Personal jurisdiction over the defendant foreign corporations exists in this instance only if defendants' activities in New York constitute "doing business" in the state, as that traditional standard has been applied by the New York courts under N.Y. CPLR § 301. Jurisdiction under N.Y. CPLR § 302, the "long–arm" statute, does not appear to be available here because the cause of action did not arise out of a transaction of business by defendants in New York. *See Haar v. Armenderis Corp.*, 31 N.Y.2d 1040, 342 N.Y.S.2d 70, 294 N.E.2d 855 (1973). Moreover, even if one or more of plaintiff's claims did arise in New York, these claims arose out of a transaction of business in the County of Richmond and, since that county is not within this district, venue would not lie in the Southern District of New York. 28 U.S.C. § 1391. Venue, however, could be proper here if defendants are subject to personal jurisdiction pursuant to N.Y. CPLR § 301. Personal jurisdiction may be obtained over a non-resident corporation if the corporation is found to be "doing business" in New York, even where the cause of action did not arise out of acts done in New York. *Erving v. Virginia Squires Basketball Club*, 349 F.Supp. 709, 712 (S.D.N.Y.1972).

A foreign corporation is not subject to jurisdiction in New York pursuant to CPLR § 301 unless it is "engaged in such a continuous and systematic course of 'doing business' as to warrant a finding of its 'presence' in this jurisdiction." *Frummer v. Hilton Hotels International, Inc.*, 19 N.Y.2d 533, 536, 281 N.Y.S.2d 41, 43, 227 N.E.2d 851, 853 (1967). *See also Simonson v. International Bank*, 14 N.Y.2d 281, 285, 231 N.Y. S.2d 433, 436, 200 N.E.2d 427 (1964). The doing business test does not require the corporation to be present physically or to carry on its primary activities within the

state. The test may be satisfied if the corporation has an agent or employee who solicits business in New York continuously and systematically, but solicitation alone is not sufficient to constitute doing business within the state. *Miller v. Surf Properties*, 4 N.Y.2d 475, 480, 176 N.Y.S.2d 318, 151 N.E.2d 874 (1958). *See also Baird v. Day & Zimmerman, Inc.*, 390 F.Supp. 883 (S.D.N.Y. 1974), and *Carbone v. Fort Erie Jockey Club, Ltd.*, 47 A.D.2d 337, 366 N.Y.S.2d 485 (1975). There must be "some additional activities . . . sufficient to render the corporation amenable to suit." *International Shoe v. Washington*, 326 U.S. 310, 314, 66 S.Ct. 154, 157, 90 L.Ed. 95 (1945).

▆ Defendants are not licensed to do business in New York, have no offices, warehouses or plant facilities in the state, pay no taxes to the City or State of New York, and are not listed in the New York telephone directory. Vaughan Bassett's only contact with the state is through three independent representatives, only one of whom, Stanley Rosenberg (who has an office and showroom in Manhattan) is located in this district. Rosenberg, an independent contractor, acts as a sales representative for several wholesale furniture companies. The names of the companies whose furniture he exhibits and sells, including Vaughan Bassett, are listed under his name on the building directory and on the door to his office. All orders which Rosenberg solicits are subject to the approval of Vaughan Bassett in Virginia, and he receives commissions from Vaughan Bassett only when the orders have been approved by the company's Virginia office. Rosenberg has no authority to bind Vaughan Bassett contractually; all contracts are consummated in Virginia. Vaughan Bassett ships all merchandise into New York from out–of–state locations.

New York courts have long held that the type and extent of services performed by Rosenberg are insufficient to establish the jurisdictional presence of a foreign corporation. In *Fried v. Lakeland Hide & Leather Co.*, 14 Misc.2d 208, 157 N.Y.S.2d 633 (Sup.Ct. Bronx Co. 1956), for example, rep-

resentatives in New York solicited orders for a Florida corporation, which was not licensed to do business in New York and maintained no offices in the state. The representatives had no authority to bind the corporation and received commissions only upon approval of the orders by the Florida office. All shipments were made from Florida, and all payments made to the Florida office. The *Fried* court held that the Florida corporation was not doing business in New York. Similarly, in *Knapp v. Roberton Manufacturing Co.*, 155 N.Y.S.2d 490, 493 (Sup.Ct. Monroe Co. 1956), the court determined that

> [s]ince the defendant had no New York State office, was not licensed to do business here, had no telephone listing and no bank account or other property in this state, and had no representative here, except one who solicited sales for it and other manufacturers, and all orders had to be confirmed in Chicago, it was not doing business in the State of New York.

Even in instances where a foreign corporation's contacts with the state were more extensive than Vaughan Bassett's, New York courts have found no personal jurisdiction under the "doing business" test. *Irgang v. Pelton & Crane Co.*, 42 Misc.2d 70, 247 N.Y.S.2d 743 (Sup.Ct. Nassau Co. 1964) (listing of North Carolina corporation in New York telephone book and in directory of office building did not constitute doing business); *Pinkus v. H. Zussman & Son Co.*, 11 Misc.2d 929, 173 N.Y.S.2d 538 (Sup.Ct. Kings Co. 1958) (Ohio corporation, whose name was listed in New York telephone directory, on building directory and on office door, was not doing business in New York). *See also Chasan v. Caruso Spaghetti Place, Etc.*, 55 F.Supp. 831 (S.D.N.Y. 1943), *aff'd*, 143 F.2d 660 (2d Cir. 1944) (that New Jersey corporation maintained its corporate books in New York and listed a New York branch on its letterhead did not establish that it was doing business in New York).

In *Nugey v. Paul–Lewis Laboratories*, 132 F.Supp. 448 (S.D.N.Y.1958), and *Glynn v. Hyde–Murphy Co.*, 113 Misc. 329, 184

N.Y.S. 462 (1st Dep't 1920), two cases on which plaintiff relies, the foreign corporations maintained listings in a New York telephone directory. Vaughan Bassett has no telephone listing in New York. The foreign corporation in *Cochran Box and Manufacturing Co. v. Monroe Binder Board Co.*, 197 App.Div. 221, 188 N.Y.S. 697 (4th Dep't), *aff'd mem.* 232 N.Y. 503, 134 N.E. 547 (1921), an additional case relied on by plaintiff, unlike Vaughan Bassett maintained an office in New York. The corporation's name was displayed over its New York agent's desk in a New York City office building and was listed in the New York telephone directory, and its stationery contained the inscription "New York Office, 480 Lexington Ave., Grand Central Palace, H.L. Hutchinson, New York Representative, Vanderbilt 7300. Address your reply to New York Office." Although plaintiff alleges that Vaughan Bassett's stationery lists New York as the location of a "permanent exhibit," there is no evidence that this "exhibit" constitutes an office rather than merely a furniture display.

Plaintiff's reference to *Artcraft Sample Card Co. v. Stein*, 3 Misc.2d 562, 155 N.Y. S.2d 672 (City Ct. N.Y. Co. 1956), is also inapposite. In *Stein* jurisdiction in New York was proper because the Massachusetts corporation did business in the state through its president, who spent every Thursday and Friday of each week in New York soliciting, planning and servicing orders on behalf of the corporation. The foreign corporation in *Stein*, Murray Stein Enterprises, Inc., bore its president's name, and the president (who resided in New York) was authorized to bind the corporation contractually.

Although Rosenberg solicits business in New York for Vaughan Bassett in a continuous and systematic manner, these activities alone are not sufficient to constitute the doing of business in New York by the defendant foreign corporations. The lack of a New York telephone listing, the approval of all orders and consummation of all contracts in Virginia, the payment of Rosenberg's commission subject to the confirmation of the orders by the Virginia office, and the shipment of all merchandise from Virginia, demonstrate that Vaughan Bassett is not doing business in New York within the meaning of N.Y. CPLR § 301. Accordingly, defendants are not amendable to suit in this Court, and the motion to dismiss the complaint for lack of personal jurisdiction is granted.

It is so ordered.