**Martin DUNN and John Lynch, Plaintiffs,**

v.

**SOUTHERN CHARTERS, INC., Norman Stern, Fairwind Yacht, Inc., William Farr, Hiller Range, Division of Seaward Products, Inc., Marine Trading International, a Division of Miller Yacht Sales, Inc., North Fork Shipyards, Inc., Defendants, and three consolidated actions, 78 C 427, 78 C 819, 79 C 1371.**

No. 78 C 298.

United States District Court,
E. D. New York.

Jan. 26, 1981.

Brendan J. Stynes, Garden City, N. Y., for plaintiffs Dunn and Lynch.

Sidney Wolen, New York City, for plaintiff Irene McDermott.

Harvey O. Lazarowitz, Brooklyn, N. Y., for plaintiffs Robert and Lyvia Moll.

Stanley Posess, New York City, for plaintiff Emanuel Lorras.

Delson & Gordon by Frederick W. Meeker, New York City, for Defendant Seaward Products, Inc.

Crowe, McCoy, Agoglia, Fogarty & Zweibel by Steven J. London, Mineola, N. Y., for defendant North Fork Shipyard, Inc.

**566**

## MEMORANDUM AND ORDER

NEAHER, District Judge.

These four consolidated actions in admiralty[1]—three for personal injuries and one for wrongful death—arise from the accidental burning of a chartered vessel, the "Second Wind," off the Rhode Island coast on June 10, 1977. Plaintiffs have all alleged that the ship's alcohol stove burned out of control as a result of the stove's defective and faulty manufacture by defendant Seaward Products, Inc. ("Seaward"). Seaward has moved to dismiss the complaint and the cross-claims against it for want of personal jurisdiction, a motion strenuously opposed by plaintiffs Dunn, Lynch and the McDermott estate and the cross-claiming defendant North Fork Shipyard ("North Fork").

The parties have concentrated on establishing Seaward's amenability to service of process, or lack thereof, under the provisions of New York's CPLR §§ 301 and 302 made applicable to this case by Rules 4(d)(7) and 4(e), F.R.Civ.P. For the reasons given below the court concludes that Seaward is not amenable to personal jurisdiction in this forum.[2]

■ The first basis of jurisdiction relied on is the traditional concept of "doing business" carried forward by CPLR § 301,[3] see, e. g., Marantis v. Dolphin Aviation, Inc., 453 F.Supp. 803, 804 (S.D.N.Y.1978). Under this provision, which permits a nonresident to be sued upon any claim whether or not

related to its forum activities, see, e. g., Stark Carpet Corp. v. M-Geough Robinson, Inc., 481 F.Supp. 499, 504 (S.D.N.Y.1980); Hutton v. Piepgras, 451 F.Supp. 205, 209 (S.D.N.Y.1978), the parties asserting jurisdiction must "come forward with facts showing that 'enough' is being done by [defendant] in New York 'to enable us to say that the corporation is here.'" Rivera v. New Jersey Bell Telephone Co., 340 F.Supp. 660, 661 (E.D.N.Y.1972), quoting Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 268, 115 N.E. 915 (1917). The contacts Seaward has with New York which have been brought forth are insufficient to satisfy this standard.

The stove at issue was one of two Seaward sold to defendant Miller Yacht Sales' Marine Trading Division ("Miller defendants"). Like all Seaward's sales, the sale to the Miller defendants, who are New Jersey corporations located in that State, was f. o. b. Seaward's plant in California. The Miller defendants sold the "Second Wind" to North Fork, a shipyard located in New Suffolk, Long Island, along with the stove, and it was the Miller defendants who directed Seaward to ship the stove to their buyer North Fork in New York.

■ To establish that Seaward has "engaged in such a continuous and systematic course of 'doing business' as to warrant a finding of its 'presence' in this jurisdiction," Cohen v. Vaughan Bassett Furniture Co., 495 F.Supp. 849, 850 (S.D.N.Y.1980), quoting Frummer v. Hilton Hotels Internation-

---

1. These actions were originally brought under diversity jurisdiction. When it became apparent that complete diversity was lacking, leave to amend the complaints to state claims within the court's admiralty and maritime jurisdiction was granted, and the actions were consolidated. *Moll v. Southern Charters*, 81 F.R.D. 77 (E.D.N.Y.1979).

   The fourth action, *Lorras v. Southern Charters*, 79 C 1371, was consolidated by an Order dated August 27, 1979.

2. The parties have not seriously addressed the possibility that a federal standard might govern Seaward's amenability to the personal jurisdiction of this court, an issue the Court of Appeals has left open, e. g., *Koupetoris v. Konkar Intrepid Corp.*, 535 F.2d 1392, 1395 n.13 (2d Cir. 1976), *compare Fosen v. United Technologies*

*Corp.*, 484 F.Supp. 490, 498–501 (S.D.N.Y.1980) (federal, not New York, jurisdictional principles govern in *in personam* admiralty action) (collecting cases), and *De James v. Magnificence Carriers, Inc.*, 491 F.Supp. 1276 (D.N.J.1980) (federal law governs), *with Atlantic Lines, Ltd. v. M/V Domburgh*, 473 F.Supp. 700 (S.D.Fla. 1979) (applying Florida law through Rule 4(e), F.R.Civ.P.), and *Masonite Corp. v. Hellenic Lines, Ltd.*, 412 F.Supp. 434, 436 & n.1, 437–38 (S.D.N.Y.1976)(applying CPLR provisions through Rule 4(e)), or whether any such standard might subject Seaward to jurisdiction.

3. CPLR provides that "[a] court may exercise such jurisdiction over persons, property or status as might have been exercised heretofore."

*al, Inc.*, 19 N.Y.2d 533, 536, 281 N.Y.S.2d 41, 43, 227 N.E.2d 851 (1967), North Fork and plaintiffs point principally to the solicitation of orders for Seaward's products performed by independent manufacturer's representatives,[4] to the brochures Seaward has sent to the independent marine outfitters which resell the firm's products, and to the free listings which Seaward has accepted in various marine supply guides which are published and distributed in New York.[5] "'Although mere solicitation' of business . . . is not enough to constitute doing business," *Frummer v. Hilton Hotels International, supra*, 19 N.Y.2d at 536, 281 N.Y.S.2d at 43, citing *Miller v. Surf Properties*, 4 N.Y.2d 475, 480, 176 N.Y.S.2d 318, 320, 151 N.E.2d 874 (1958), "once solicitation is found in any substantial degree very little more is necessary to a conclusion of 'doing business.'" *Aquascutum of London, Inc. v. S. S. American Champion*, 426 F.2d 205, 211 (2d Cir. 1970). See *Cohen v. Vaughan Bassett Furniture Co., supra*, 495 F.Supp. at 851.

It is doubtful that Seaward's solicitation activities in New York are substantial enough to bring it within the "solicitation-plus" rule. In percentage terms Seaward has never derived more than 1½% of its total sales revenue from its New York customers, although the amounts involved have increased, from under $3,000 in 1976 to over $10,000 in 1977. Compare, *e. g.*, *Stark Carpets v. M-Geough Robinson, Inc., supra*, 481 F.Supp. at 505 (2% of total income amounting to $1,500 insufficient); *New England Laminates Co. v. Murphy*, 362 N.Y.S.2d 730, 732–33, 79 Misc.2d 1025 (Sup. Ct.1974) (4% of total income amounting to $400,000 insufficient).

Furthermore, there has been no showing of any of the numerous facts which might contribute to a finding that the nonresident corporation is in New York "'not occasionally or casually but with a fair measure of permanence and continuity.'" *Pneuma-Flo Systems, Inc. v. Universal Machinery Corp.*, 454 F.Supp. 858, 862 (S.D.N.Y.1978), quoting *Tauza v. Susquehanna Coal Co., supra*. According to the unrebutted affidavit of its president, Seaward has no affiliate, parent or subsidiary corporation through which it could be found to be "doing business" in New York. The firm maintains no offices or telephone listing here. It keeps no inventory here. The orders the manufacturer's representatives solicit must be accepted by Seaward in California, and there is no indication that the representatives do anything else for Seaward such as handle customer complaints, as in *Meat Systems Corp. v. Ben Langel-Mol, Inc.*, 410 F.Supp. 231 (S.D.N.Y.1976), or collect payments. In brief, Seaward's New York activities amount to advertising and solicitation of orders, activities which New York's courts consistently have held do not warrant a finding of "doing business." *E. g., Delagi v. Volkswagenwerk AG of Wolfsburg, Germany*, 29 N.Y.2d 426, 328 N.Y.S.2d 653, 278 N.E.2d 895 (1972); *Miller v. Surf Properties, supra*; *Ziperman v. Frontier Hotel of Las Vegas*, 374 N.Y.S.2d 687, 50 A.D.2d 581 (App.Div.2d Dep't 1975); *Carbone v. Fort Erie Jockey Club, Ltd.*, 366 N.Y.S.2d 485, 47 A.D.2d 337 (App.Div. 4th Dep't 1975).

---

4. In addition, counsel for North Fork informed the court that shortly before the return date of the motion they learned of the existence of a Mr. Howard Henry, a paid employee of Seaward who was based in Rhode Island but solicited orders in New York, facts which Seaward's counsel were said not to dispute. In view of the prior adjournments of the return date of the motion the court declined to permit further discovery to be taken.

5. Two other contacts are asserted to establish Seaward's presence here. The first—two New York marine supply distributors who resell Seaward's products—is not jurisdictionally significant because the distributors are independent of Seaward, purchasing Seaward's products for resale, *see McShan v. Omega Louis Brandt Et Frere, S.A.*, 536 F.2d 516, 517–18 (2d Cir. 1976), citing *Delagi v. Volkswagenwerk AG*, 29 N.Y.2d 426, 328 N.Y.S.2d 653, 278 N.E.2d 895 (1972).

The other—Seaward's mailing of a repair kit and preceding correspondence to New York owners of stoves of a different model from that aboard the "Second Wind"—adds only minimally to Seaward's "presence" in New York, *cf. Stark Carpet Corp. v. M-Geough Robinson, Inc.*, 481 F.Supp. 499, 505 (S.D.N.Y.1980) ("communication by mail weighs lightly when determining jurisdictional contacts").

■ The other bases of jurisdiction urged by the contesting parties are those provided in the long-arm statute, CPLR § 302(a)(1) and § 302(a)(3). In contrast to § 301 these provisions require that the cause of action sued upon arise from the contacts specified as the basis for jurisdiction, *see Fontanetta v. American Board of Internal Medicine,* 421 F.2d 355, 357–59 (2d Cir. 1970); *Baldwin v. Poughkeepsie Newspapers, Inc.,* 410 F.Supp. 648, 650 (S.D.N.Y.1976). Plaintiffs first contend that Seaward has "transact[ed] ... business within the state" permitting the assertion of jurisdiction pursuant to CPLR § 302(a)(1). To establish that their causes of action arise from Seaward's having transacted business they rely heavily on *Singer v. Walker,* 15 N.Y.2d 443, 464, 466, 261 N.Y.S.2d. 8, 24, 26, 209 N.E.2d 68 (1965), where the Court of Appeals determined there was jurisdiction under § 302(a)(1) because the nonresident manufacturer had "shipped substantial quantities of its products into this State as the result of solicitation here through a local manufacturer's representative and through catalogues and advertisements and ... the injury-causing hammer, purchased from a New York dealer, was one of such products."

■ In this case, however, no similar inference can be drawn linking Seaward's soliciting activities in New York with the shipment of the stove into the State. The stove was sold to the Miller defendants in New Jersey and was shipped into New York only at their direction after they had resold it. For purposes of § 302(a)(1), therefore, the shipment of the stove into New York was unrelated to Seaward's New York activities, and, as numerous cases hold, the "mere shipment" of goods into New York is not a "transaction of business" within § 302(a)(1).[6] *E. g., Kramer v. Vogl,* 17 N.Y.2d 27, 267 N.Y.S.2d 900, 215 N.E.2d 159 (1966); *McGowan v. Smith,* 423 N.Y.S.2d 90, 93, 72 A.D.2d 75 (App.Div. 4th Dep't 1979) (citing cases); *Parker v. Green,* 406 N.Y.

S.2d 112, 63 A.D.2d 977 (App.Div.2d Dep't 1978).

■ The next ground urged is CPLR § 302(a)(3), which permits the exercise of jurisdiction over a nondomiciliary who "commits a tortious act without the state causing injury to person or property within the state." This section affords no basis for jurisdiction in this case, however, because the physical injuries claimed were not sustained within New York but in Rhode Island's waters. The economic loss occasioned by physical injury to a New York domiciliary outside New York is not the "injury to person or property" the statute requires. See *McGowan v. Smith, supra,* 423 N.Y.S.2d at 94–95, 72 A.D.2d 75; *Attanasio v. Ferre,* 401 N.Y.S.2d 685, 688, 93 Misc.2d 661 (Sup.Ct.1977); *Black v. Oberle Rentals,* 285 N.Y.S.2d 226, 55 Misc.2d 398 (Sup.Ct.1967).

Accordingly, Seaward's motion to dismiss the claims against it for want of personal jurisdiction is granted. Counsel are directed to appear for a status conference in Chambers on February 10, 1981, at 4:30 p. m.

SO ORDERED.

---

6. The parties are in agreement that the recent amendment to CPLR § 302(a)(1), adding "contract[ing] anywhere to supply goods or services in the state" as a basis for jurisdiction, should not be applied retroactively in these cases. *See Simonson v. International Bank,* 14 N.Y.2d 281, 251 N.Y.S.2d 433, 200 N.E.2d 427 (1964).